[Civ. No. 8948.   Second Appellate District, Division One.—August 22, 1933.]

ROBERT A. FISCHER et al., Respondents, v. DAVIS STANDARD BREAD CO. (a Corporation) et al., Appellants.

W. I. Gilbert for Appellants.

Moote & Longcroft for Respondents.

HOUSER, J.—Under the provisions of Rule V of the Rules for the Supreme Court and the District Courts of Appeal, the respondent has presented to this court his motion to dismiss the appeal herein, or to affirm the judgment from which such appeal is taken.

The judgment was the outcome of an action for damages which resulted from a collision, alleged to have been occasioned by the negligence of the driver of a truck of which the defendant was the owner, with an automobile which at the time when the accident occurred belonged to and was being operated by plaintiff.

Each of several points presented in the opening brief of appellants for a reversal of the judgment is founded upon the alleged contributory negligence of plaintiff, and is predicated upon the claim that at the time when the accident occurred the brakes of plaintiff's automobile were not in the condition required by the terms of section 94 of the California Vehicle Act, which, among other things, provides that ''it shall be unlawful for any person to operate on any public highway any motor vehicle . . . unless equipped with brakes adequate to bring such motor vehicle . . . to a complete stop when operated upon dry asphalt or concrete pavement surface where the grade does not exceed one per cent, and when operating at speeds set forth in the following table, within the distances set opposite such speeds: . . . 15 miles per hour, 20.8 feet; 20 miles per hour, 37 feet. . . . ''

In that connection, in effect the specific contention by the appellants is that since by the undisputed evidence it appears that immediately preceding the time when, and at a distance of fifty feet from the point where the accident occurred, plaintiff was driving his automobile at a speed of between fifteen and twenty miles per hour, at which time and place he realized the imminence of danger, "slapped on his brakes and tried to stop the car in the shortest possible space",—in consideration of the statutory provision to which reference just has been had, together with the fact that within the space of fifty feet he failed to stop his automobile,—the deduction must be that, as required or defined by the terms of the statute, the brakes on said automobile were inadequate, and for that reason plaintiff was guilty of a violation of the law which contributed proximately to the happening of the accident. ■ But it is well-established law that in an action for damages arising from the alleged negligence of the defendant therein, where for a defense thereto he relies upon the contributory negligence of the plaintiff, the burden is on the defendant to establish that conclusion of law or fact. ■ By reference to the statute controlling the instant situation, it will be noted that as conditions precedent to the establishment of the adequacy of the brakes of an automobile it should appear both that such automobile was "operated on dry asphalt or concrete pavement", and that "the grade does not exceed one per cent." And since appellants make no pretense that either or any of such requirements was or were respectively complied with or established by evidence introduced on the trial of the action, it necessarily results that he has failed to sustain the burden which the law casts upon him. It is manifest that, notwithstanding the inability of plaintiff to stop his automobile within the prescribed distance, if the surface of the highway was neither "dry asphalt (n)or concrete pavement, or if the grade of the highway exceeded one per cent",—in such circumstances the statutory inadequacy of the brakes on plaintiff's automobile was not established; nor as a consequence of such inability on the part of plaintiff could his contributory negligence legally be presumed. It follows that, as shown by appellants' brief, none of defendant's several points which are dependent upon the asserted contributory negligence of plaintiff can be sustained.

█ Appellants' brief fails to disclose the existence of evidence which necessarily would lead to the conclusion that plaintiff's injuries were the result of his failure to exercise ordinary care. In that regard, the findings of fact by the trial court, based upon sufficient evidence, are conclusive.

With respect to the question of the sufficiency of the evidence to support the several findings of fact relating especially to the amount of the damage suffered by plaintiff, an examination of the statement of facts contained in the appellants' brief affords ample foundation upon which to rest the award by the trial court.

Although an inspection of the record reveals the fact that in summing up the several items of damage an error in addition thereof was made, with the result that judgment was ordered in favor of plaintiff for an amount greater than that to which he was entitled, nevertheless it also appears from the record that on the ruling on the motion for a new trial such error was corrected by order of the trial court, which correction was accepted and adopted by plaintiff.

Since it is apparent that "the questions on which the decision of the cause depends are so unsubstantial as not to need further argument" (Rule V), it follows that the motion should be granted and that the judgment should be affirmed. It is so ordered.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 14, 1933, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 20, 1933.