[No. A132295. First Dist., Div. Two. June 27, 2012.]

Estate of DENNIS WONG, Deceased.
DONNA WONG, as Executor, etc., Petitioner and Appellant, v.
PETER BRESLER, Claimant and Respondent.

Counsel

Law Offices of Benjamin W. Gale and Benjamin W. Gale for Petitioner and Appellant.

Gerard D. Launay for Claimant and Respondent.

Opinion

HAERLE, J.—

## I. INTRODUCTION

This is an appeal from two probate court orders awarding statutory attorney fees to respondent Peter Bresler (Bresler), the first of several attorneys who represented appellant Donna Wong (appellant) in her capacity as executor of the estate of her deceased husband, Dennis Wong (the Wong estate).

Appellant claims that Bresler is not entitled to statutory compensation for his probate work in this case because (1) the parties did not execute a written fee agreement entitling Bresler to that compensation and (2) appellant rescinded her attorney services agreement with Bresler on the ground of constructive fraud. We reject these contentions and affirm the probate court orders at issue in this appeal.

## II. STATEMENT OF FACTS

### A. *Background*

In 1988, Dennis Wong and his wife executed a living trust in which to hold their assets. Unfortunately, however, Dennis Wong died in December 2002,

without having transferred his assets (principally numerous pieces of real property in San Francisco) into that trust.

In early 2003, appellant retained Bresler's law partner, Faye Lee, to assist her with estate planning in the wake of her husband's death. Shortly thereafter, appellant retained Bresler and his law firm, Bresler & Lee, to assist her with trust administration and probating the Wong estate. As Bresler concedes on appeal, the parties did not execute a written contract retaining Bresler to perform probate work on behalf of the executor.

In September 2005, appellant became dissatisfied with Bresler's work, terminated his employment and retained an attorney named Mark Cederborg to assist her with closing the probate estate. The substitution of attorney form pursuant to which Bresler withdrew from this case was fully executed on October 28, 2005.

In an October 29, 2005, letter addressed to both appellant and Cederborg, Bresler advised that his firm had completed all of the work necessary to close the Wong estate, alluded to a misunderstanding regarding when appellant wanted to file her final petition and report, and expressed regret that he would not be able to conclude the probate matter for her. Bresler also discussed the status of various matters, advised that he would submit an invoice for nonprobate services, and stated that "[l]ater, your new counsel and I will attempt to work out an allocation of the statutory fees for work on the Probate."

By letter dated December 23, 2005, Bresler submitted a "final invoice" in the amount of $5,000 for two items of nonprobate work performed by his firm. In that letter, Bresler reiterated that "[w]e will contact your current attorney, and coordinate for an apportionment of fees from the probate." There is no evidence that appellant either responded to this letter or made any payment to Bresler.

In April 2010, attorney Benjamin Gale, appellant's counsel in this appeal, was substituted in as the third attorney for the executor in this case.

B.  *The Executor's Reports*

On June 14, 2010, appellant filed a first and final report and petition for settlement (the final report), which she verified under penalty of perjury. According to the final report, the Wong estate was valued at $8,347,800.86, the executor and the executor's attorneys were each entitled to statutory compensation in the total amount of $96,478.01, and the executor and *all of*

*her attorneys* waived their right to that statutory compensation. Appellant also requested authorization from the court to pay $5,000 compensation to her current attorney, Mr. Gale.

On November 29, 2010, appellant filed an amended final report and petition, which was also verified by her (the amended final report). Several waivers were filed in conjunction with the amended final report, including a "Waiver of Attorneys Fees," pursuant to which Mark Cederborg waived any right he had to attorney fees with respect to the Wong estate. Although appellant attempted to obtain a similar waiver from Bresler, Bresler declined to provide one.[1]

In her amended final report, appellant reiterated that she was entitled to "total statutory compensation of $96,478.01" for her work as executor, and that the executor's attorneys were also entitled to a statutory fee in that same amount. Appellant also made a representation to the court that she and her present counsel waived their statutory compensation and she requested authorization to pay Mr. Gale $8,000 as compensation for his services. Appellant amended her prior final report by admitting that Bresler and Lee had "not waived their claim for attorneys fees and have not entered into an agreement with present counsel to share fees." Therefore, appellant stated that she was filing a petition "herewith requesting the court to determine the amount, if any, to be paid to Bresler . . . ."

Appellant did not actually file a petition regarding Bresler's claim for attorney fees. She did, however, file a declaration which addressed this subject. Therein, appellant stated that Bresler's law partner, Faye Lee, told her that the attorney fees that would be charged for probating the Wong estate would be "no more than $5000," and that neither Lee nor Bresler had ever asked her to execute a written attorney services agreement. In her declaration, appellant also stated that she had been dissatisfied with the Bresler firm's work because "they took too long to prepare . . . documents and made an unreasonable number of mistakes." Therefore, she met with Bresler and Lee in December 2005 and asked them to withdraw from this case.[2]

On December 2, 2010, appellant filed a memorandum of points and authorities in which she argued that Bresler was not entitled to any attorney

---

[1] In a September 22, 2010, letter to Bresler, appellant's current counsel, Mr. Gale, accused Bresler of mishandling the probate case and suggested that Bresler could "placate" appellant by voluntarily waving his attorney fee claim.

[2] Appellant's contention that she terminated Bresler in December 2005 is inconsistent with documentary evidence establishing that Bresler withdrew from the case in October 2005. Nevertheless, in this court, appellant continues to maintain that she terminated Bresler in December 2005.

fees in this case because he violated Business and Professions Code section 6148 by failing to secure a written attorney services agreement. Appellant reasoned that the alleged violation gave her the option to void her contact with Bresler and, under principles of rescission, Bresler was never formally employed as the attorney for the executor. Appellant also argued that Bresler failed to make a timely claim for quantum meruit relief.

## C. *Petition for Apportionment of Attorney Fees*

On December 6, 2010, Bresler filed a petition for apportionment of attorney fees, pursuant to Probate Code section 10810 et seq. In support of his fee request, Bresler documented attorney work performed for appellant individually, and for appellant as executor of the Wong estate. As to the second category, Bresler further divided the work of his firm into "statutory probate work" and "extraordinary" services. Bresler requested that the court award him 75 percent of the statutory attorney fees, plus extraordinary fees. In support of this request, Bresler alleged, among other things, that he had completed preparing almost all of the final petition when appellant discharged him in September 2005 and that he incurred extraordinary fees defending against appellant's wrongful attempt to preclude him from recovering his statutory compensation.

A hearing on the petition to apportion fees was conducted on December 21, 2010, before the Honorable Mary E. Wiss. On February 9, 2011, the court filed an order settling the amended final report (the February 2011 order). The court found, among other things that "Bresler and Lee are entitled to $72,358.51 in statutory fees and reimbursement for costs in the amount of $10,134.95, and are not entitled to extraordinary fees." The court ordered appellant to pay those amounts to Bresler and Lee and also authorized her to pay attorney Gale $8,000 out of the estate "in lieu of the statutory attorneys compensation to which he is entitled . . . ."

## D. *Motion to Vacate*

On February 24, 2011, appellant filed a motion to vacate the February 2011 order and to vacate and set aside the award of attorney fees to Bresler. The court conducted another hearing on March 23, 2011.

On April 7, 2011, the probate court filed a detailed order denying the motion to vacate (the April 2011 order). The court found, among other things, that attorney fees for ordinary services in probate matters are statutory in nature and are not based on contract, and that the controlling statute, Probate Code section 10810, provides that the attorney for the personal representative "shall receive compensation."

The court also stated: "Clearly, the better practice is for counsel to set forth, in writing, the statutory compensation allowed for ordinary services and an explanation of the manner in which extraordinary services are calculated so that the personal representative and the beneficiaries have an understanding of the fees which may be deducted from the probated estate. However, the issue before the court is whether such a writing is required." Ultimately, the court concluded that the attorney's right to recover statutory compensation for ordinary probate services is controlled solely by the provisions of Probate Code section 10810 et seq. and the California Rules of Court and, under those provisions, a written fee agreement is not required.

On May 26, 2011, appellant filed a notice of appeal from the February 2011 order and the April 2011 order.

## III.  DISCUSSION

### A.  *Issues Presented*

Appellant contends that, as a matter of law, Bresler is not entitled to recover any statutory compensation pursuant to Probate Code section 10810 et seq. because he did not comply with Business and Professions Code section 6148. Alternatively, appellant argues that the statutory fee award must be reversed because she rescinded her attorney services agreement with Bresler on the ground of constructive fraud.

Before we separately address these two theories, we will consider the legal principles and statutory framework governing attorney compensation for ordinary services rendered to an executor of a probate estate. These principles, which appellant largely ignores, are crucial to a proper understanding and resolution of the issues on appeal.

### B.  *Legal Principles and Statutory Framework*

■  "The general rule in California is that compensation for the services of an attorney must be paid by the person employing him or her. [Citation.] This general rule, however, is subject to various exceptions such as the presence of 'a special agreement, special statutory provision, or exceptional circumstances.' [Citation.]" (*Estate of Bartsch* (2011) 193 Cal.App.4th 885, 900 [124 Cal.Rptr.3d 13].) One settled exception pertains to the payment of compensation to the attorney for the personal representative of a decedent's estate, which is paid from the estate itself. (*Ibid.*; *Miller v. Campbell,*

*Warburton, Fitzsimmons, Smith, Mendel & Pastore* (2008) 162 Cal.App.4th 1331, 1340 [76 Cal.Rptr.3d 649] (*Miller*).)[3]

■ "Attorneys' fees that are properly considered an expense of administration, whether routine or extraordinary, are payable only out of the estate and are not a personal charge against the executor. The attorneys' sole remedy must be obtained from the probate court. [Citation.]" (*Miller, supra*, 162 Cal.App.4th at p. 1339.)

"The rules governing compensation for attorney services for decedents' estates 'do not arise from contract but are founded upon statutory enactment.' [Citation.] The pertinent statutory provisions govern both the amount recoverable and the procedure for recovery." (*Estate of Trynin* (1989) 49 Cal.3d 868, 873 [264 Cal.Rptr. 93, 782 P.2d 232]; see *Estate of Hilton* (1996) 44 Cal.App.4th 890, 894–895 [52 Cal.Rptr.2d 491]; 25 Cal.Jur.3d (2006) Decedents' Estates, § 914; 3 Gold et al., Cal. Civil Practice: Probate and Trust Proceedings (2005) § 20:3, pp. 20-6 to 20-8; Ross, Cal. Practice Guide: Probate (The Rutter Group 2011) ¶¶ 1:33, 16:261, 16:262.)

"Separate but parallel statutes govern the compensation of the personal representative (Prob.C. 10800 et seq.) and the compensation of the attorney for the personal representative (Prob.C. 10810 et seq.). [Citation.]" (14 Witkin, Summary of Cal. Law (10th ed. 2005) Wills and Probate, § 528, p. 606.) In this case, we are concerned with Probate Code section 10810 et seq.

■ Pursuant to Probate Code section 10810 (section 10810), the attorney's compensation for "ordinary services" is "based on the value of the estate accounted for by the personal representative," and is calculated pursuant to a formula set forth in the statute. The probate court "must order compensation out of estate assets for routine probate services rendered by an executor's attorney. [Citations.] Services that are not involved in the typical probate case, commonly known as 'extraordinary services,' may be paid out of estate assets at the discretion of the probate court. [Citations.]" (*Miller, supra*, 162 Cal.App.4th at p. 1339.) The rules that guide the exercise of that discretion are set forth in Probate Code section 10811 (section 10811). When "there are two or more attorneys for the personal representative, the attorney's compensation shall be apportioned among the attorneys by the court

---

[3] "The 'personal representative' is the person or firm appointed by the probate court to administer the probate of a decedent's estate. [Citation.] The personal representative may be the executor, who is the person named as such in the decedent's will, or it may be the successor to the executor, or an administrator appointed by the court where the decedent died without a will naming an executor. [Citation.]" (*Miller, supra*, 162 Cal.App.4th at p. 1339, fn. 2.) Like the *Miller* court, we use the terms "executor" and "personal representative" interchangeably.

according to the services actually rendered by each attorney or as agreed to by the attorneys." (Prob. Code, § 10814.)

The statutory rules for calculating attorney compensation for services rendered on behalf of the executor can be altered by a provision in the decedent's will, although the probate court has some discretion to provide relief from such a provision. (Prob. Code, § 10812.) However, attorneys are prohibited from negotiating for a higher compensation for ordinary probate services than the fee that is fixed by statute. (Prob. Code, § 10813.) Furthermore, no attorney fees may be paid prior to final distribution of the estate absent a special court order, and all payment of attorney fees requires prior court approval. (Prob. Code, §§ 10810, 10830–10831; Cal. Rules of Court, rule 7.701.)

"The Legislature, after expending enormous energy on attorney's fees in probate proceedings, pointedly examining and reexamining the issue in various contexts, has determined the present statutory system of compensating lawyers is both cost effective and fair. Presumably, the public's interest is served where those bereaved are insulated from negotiating over a lawyer's fee during the traumatic postdeath period. Efficiency and economy are present in the use of judicial time which would otherwise be spent verifying fees and trying cases over questions of time, need, and reasonableness of the hourly rate charged. Theoretically, the present system also works in favor of smaller estates, for percentage fees are a financial incentive to lawyers to develop expertise and efficiency in the handling of those estates on a profitable basis, at lower fees than would otherwise be charged, thereby promoting greater access to competent legal services in such matters." (*Estate of Effron* (1981) 117 Cal.App.3d 915, 925–926 [173 Cal.Rptr. 93].)

## C.   *Absence of a Written Agreement*

Appellant implicitly concedes that the statutory scheme governing attorney compensation for ordinary probate work does not require a written fee agreement between the executor and her attorney. She argues, however, that such a requirement applies by virtue of Business and Professions Code section 6148 (section 6148), a provision of the State Bar Act (Bus. & Prof. Code, § 6000 et seq.). Appellant maintains that compliance with section 6148 is a prerequisite for obtaining statutory compensation pursuant to the provisions of section 10810 et seq.

Section 6148, subdivision (a) (section 6148(a)) states: "In any case not coming within Section 6147[4] in which it is reasonably foreseeable that total

---

[4] Section 6147 of the Business and Professions Code applies to contingency fee contracts.

expense to a client, including attorney fees, will exceed one thousand dollars ($1,000), the contract for services in the case shall be in writing. At the time the contract is entered into, the attorney shall provide a duplicate copy of the contract signed by both the attorney and the client, or the client's guardian or representative, to the client or to the client's guardian or representative. The written contract shall contain all of the following: [¶] (1) Any basis of compensation including, but not limited to, hourly rates, statutory fees or flat fees, and other standard rates, fees, and charges applicable to the case. [¶] (2) The general nature of the legal services to be provided to the client. [¶] (3) The respective responsibilities of the attorney and the client as to the performance of the contract."

Subdivision (c) of section 6148 (section 6148(c)) further provides: "Failure to comply with any provision of this section renders the agreement voidable at the option of the client, and the attorney shall, upon the agreement being voided, be entitled to collect a reasonable fee."

Applying these provisions to the present case, appellant posits that (1) Bresler violated section 6148(a) by failing to obtain a written fee agreement from her, (2) appellant exercised her option under section 6148(c) to void her agreement to retain Bresler in this case, and therefore (3) Bresler was not employed as an attorney for the executor of a probate estate and thus was not entitled to any statutory compensation under section 10810 et seq. We reject this argument because appellant fails to substantiate her contention that Bresler violated section 6148(a) by failing to secure a written employment and compensation agreement in connection with his provision of ordinary probate services to the executor in this case.

■ By its own terms, section 6148(a) requires a written agreement in cases in which the potential "expense to a client" is likely to exceed $1,000. As explained above, however, attorney compensation for services rendered to the personal representative of a probate estate is *not* paid by the client, but out of the estate itself. (*Estate of Bartsch, supra*, 193 Cal.App.4th at p. 900.) Therefore, it is not simply unlikely but actually impossible that the "total expense" to the client of an attorney rendering ordinary probate services will exceed $1,000.

Appellant contends that the Legislature amended section 6148 in 1994 with the intention of expanding the writing requirement and making it apply to "all" attorneys and all fee agreements "without exception, including attorneys receiving statutory fees." She forcefully argues that section 6148 is a vital and pivotal provision of the State Bar Act, which functions to protect all of the state's citizens from overreaching and deception by their attorneys.

Unfortunately, appellant's analysis of the 1994 amendment to section 6148 is not useful to us here because she ignores the dispositive statutory language, which was not affected by the 1994 amendment. Section 6148(a) does not apply when the "client" has no personal liability for the fees in question. Appellant simply overlooks that, in this context, the executor is the "client." "The attorney represents the personal representative, not the estate, which is not an entity. [Citations.]" (14 Witkin, Summary of Cal. Law, *supra*, § 467, p. 544.) Furthermore, the statutory fee for conducting the ordinary probate proceedings is paid out of the estate, not by the client. (§ 10810.) Therefore, Bresler did not violate section 6148(a) by failing to secure a written employment and compensation agreement.

Appellant contends that the "official probate treatise of the State Bar of California specifically provides that probate attorneys seeking fees under Prob. C. § 10810 must have a written fee agreement . . . ." Although appellant overstates her evidence, California Decedent Estate Practice does opine that "[a] fee agreement between the personal representative and the attorney for the representative on the basis of [section 6148] will be required in almost every probate." (3 Borden et al., Cal. Decedent Estate Practice (Cont.Ed.Bar 2d ed. 2012) § 30.3, p. 1503.) We are not persuaded by the opinion quoted above, which is not supported by any reasoning or case authority. Indeed, the authors of this treatise appear to overlook settled law, which establishes that the total expense to the executor of a probate estate for ordinary probate services will never exceed $1,000.

We also note that other commentators who have considered this question support our conclusion. For example, the California Practice Guide, which appellant cites in a different part of her brief, states that "Whenever attorney fees are to be charged directly to the client (i.e., for *nonprobate* work), counsel must comply with the *formality* requirements of Bus. & Prof.C. §6148 . . . ." (Ross, Cal. Practice Guide: Probate, *supra*, ¶ 1:47, p. 1-29 (rev. # 1, 2007).) Furthermore, the California Civil Practice Guide offers this thoughtful comment: "The provisions of the Business & Professions Code requiring a written fee agreement do not apply to a fee to be paid to a personal representative's attorney out of the assets of the estate. Ordinary services for the personal representative's attorney are compensated as a percentage of the value of the estate assets. [Citation.] Compensation for extraordinary services are governed by a 'reasonableness' standard as set forth in Prob. Code § 10811(a). It could be argued that the factors set out in Bus. & Prof. Code § 6148(a) are elements of this reasonableness standard in the Probate Code. Of course, the Bus. & Prof. Code § 6148(a) requirements would apply when the attorney is representing a fiduciary in his or her individual capacity or representing a beneficiary or another person interested in the estate." (3 Gold et al., Cal. Civil Practice: Probate and Trust Proceedings, *supra*, § 20:1, p. 20-4.)

Appellant also directs our attention to *Estate of Condon* (1998) 65 Cal.App.4th 1138 [76 Cal.Rptr.2d 922] (*Condon*). In *Condon*, the probate court denied a Colorado attorney statutory fees for services rendered to the co-executor of the decedent's estate on the ground that a provision of the State Bar Act, Business and Professions Code section 6125 (section 6125) prohibits the practice of law in California " 'unless the person is an active member of the State Bar.' " (*Condon*, at pp. 1141–1142.) The *Condon* court reversed, finding that the Probate Code authorized the fee award to an out-of-state attorney and that section 6125 did not proscribe it. The California Supreme Court granted review and then remanded the case to the Court of Appeal to reconsider its decision in light of *Birbrower, Montalbano, Condon & Frank v. Superior Court* (1998) 17 Cal.4th 119 [70 Cal.Rptr.2d 304, 949 P.2d 1] (*Birbrower*). (*Condon, supra*, 65 Cal.App.4th at p. 1142.) After reconsideration, the *Condon* court affirmed its prior disposition, finding that (1) the Colorado attorney was not only entitled to statutory compensation pursuant to section 10810 et seq., such compensation was mandatory and (2) the Colorado attorney had not violated section 6125, as that statute was construed in *Birbrower, supra*, 17 Cal.4th 119. (*Condon, supra*, 65 Cal.App.4th at pp. 1143–1148.)

With regard to its first point, the *Condon* court noted, among other things, that "the language of the Probate Code is mandatory; it provides 'the attorney for the [executor] *shall* receive compensation' [citation], making no exception for out-of-state attorneys, and our Supreme Court has held that the attorney's right to ordinary compensation is absolute [citation]." (*Condon, supra*, 65 Cal.App.4th at p. 1143.) The court also noted that courts had "approved without question" the payment of statutory fees to out-of-state attorneys retained by a California executor and that "there is nothing in the Probate Code or prior cases to suggest that they are disqualified from receiving statutory compensation." (*Id.* at pp. 1143–1144.) Under the second prong of its analysis, the *Condon* court concluded that the Colorado law firm did not practice law in California within the meaning of section 6125 when its members entered California to practice law on behalf of the executor, who was also a Colorado citizen. (65 Cal.App.4th at pp. 1144–1148.)

We are perplexed by appellant's reliance on *Condon* because, putting aside the fact that *Condon* addressed a different provision of the State Bar Act, the *Condon* court's analysis is absolutely consistent with our own. Like the *Condon* court, we first looked to the statutory scheme governing attorney compensation in probate cases to determine whether the fee award to Bresler is authorized by law. As explained above, that fee is not only authorized but mandated by section 10810 et seq. The Probate Code does not make any exception for services rendered without a written contract, and we have not

found a single case in which an executor's attorney was denied a statutory fee on the ground that his contract with the executor was not in writing.[5]

■ The second prong of our analysis also mirrors *Condon, supra,* 65 Cal.App.4th at page 1144. We have examined the provision of the State Bar Act upon which appellant relies to determine whether it precludes the fee award. As we have explained above, although section 6148 requires a written attorney fee agreement in a wide variety of cases, it does not expressly nor implicitly impose such a requirement in cases such as this, where the Probate Code expressly mandates that attorney compensation for ordinary services rendered on behalf of the personal representative is to be paid out of the probate estate.

Appellant contends that *Condon* supports her position on appeal because the Supreme Court's remand instruction in that case "emphasized the importance of the State Bar Act" and thus, conveyed the message that it is simply not appropriate to create an "implied exception" to section 6148 for probate attorneys. First, we do not question the value or importance of the State Bar Act. Second, we are not creating an implied exception to section 6148 for probate attorneys. Rather, by its *express terms,* the requirements of section 6148 do not apply to the agreement pursuant to which appellant retained Bresler to perform ordinary probate services because it was not reasonably possible that the expense to the client would exceed $1,000. Thus, it is appellant who is attempting to stretch the reach of section 6148 beyond its express terms and she fails to cite any authority to support that effort.

Finally, although not addressed by either party, we find some additional support for our conclusion in the Probate Code itself. As noted at the outset of our discussion, the probate court denied Bresler's request for extraordinary compensation and that ruling is not at issue on appeal. However, we find it interesting that section 10811, which governs the payment of attorney compensation for extraordinary services, makes an express reference to Business and Professions Code section 6147 (section 6147), a provision of the State Bar Act which imposes formality requirements on contingency fee agreements that are comparable to the requirements imposed by section 6148 in other types of cases, including the requirement of a written agreement regarding the terms of payment.

Section 10811, subdivision (a), states that "the court may allow additional compensation for extraordinary services by the attorney for the personal

---

[5] On the other hand, as the trial court noted in its April 2011 order, in *Estate of Gilkison* (1998) 65 Cal.App.4th 1443 [77 Cal.Rptr.2d 463], the court affirmed a statutory fee for ordinary compensation based on an oral agreement without making any reference to the absence of a writing.

representative in an amount the court determines is just and reasonable." Subdivision (c) of that statute (section 10811(c)) further provides: "An attorney for the personal representative may agree to perform extraordinary service on a contingent fee basis subject to the following conditions: [¶] (1) The agreement is written and complies with all the requirements of Section 6147 of the Business and Professions Code. [¶] (2) The agreement is approved by the court following a hearing noticed as provided in Section 10812. [¶] (3) The court determines that the compensation provided in the agreement is just and reasonable and the agreement is to the advantage of the estate and in the best interests of the persons who are interested in the estate."

■ Section 10811(c) creates a hybrid mechanism for calculating an extraordinary services fee because it permits the attorney and client to negotiate a contingency fee agreement but also requires the probate court to exercise ultimate authority over the arrangement in order to ensure a fair and reasonable outcome for the estate and persons interested in the estate. This unique mechanism is relevant to our analysis because, when the Legislature elected to introduce a contractual element into the otherwise statutory procedure for calculating attorney compensation for services provided to an executor of a decedent's estate, it also expressly required the parties to comply with section 6147.

In contrast to section 10811, section 10810, which governs attorney compensation for ordinary probate services, does not authorize any fee arrangement conditioned on compliance with the formality requirements imposed by section 6147 or 6148. This fact makes sense since section 10810 does not inject a contractual element into the calculation of ordinary probate fees. Rather, those fees are calculated by a set formula and an attorney is precluded by law from negotiating a higher rate. In any event, if the Legislature had intended to impose the requirements of section 6148 in this context, we would expect it to have done so explicitly, as it did when it imposed the requirements of section 6147 on hybrid contingency fee arrangements authorized by section 10811(c).

For all of these reasons, we affirm the probate court's finding that appellant did not have the option under section 6148, part of the State Bar Act, to preclude Bresler from recovering statutory compensation pursuant to section 10810.

## D.  *Constructive Fraud*

Appellant's second argument is that the award of statutory compensation to Bresler must be reversed because appellant was entitled to rescind her legal services agreement with Bresler pursuant to Civil Code section 1689 on the ground of constructive fraud.

Appellant's theory is that (a) Bresler breached his fiduciary duty to appellant by misleading her regarding his intention to seek a statutory fee from the probate court, (b) appellant was thus entitled to rescind any agreement with him, on the ground of constructive fraud, and (c) such a rescission "voided the legal relations between the parties ab initio" and thus cancelled any right of Bresler to statutory fees for his probate work.

Preliminarily, we question whether this claim of error is properly before us on appeal. Our independent review of the record discloses the following pertinent facts: Prior to the February 2011 order, appellant's rescission theory was expressly and exclusively intertwined with her claim that Bresler violated section 6148; her theory was that Bresler's failure to secure a written fee agreement gave her the option to void (i.e., rescind) her legal services agreement with Bresler's firm. Nowhere in her pleadings addressing Bresler's petition for apportionment of fees do we find any charge of "constructive fraud." It was not until appellant filed her February 24, 2011, motion to vacate that she began to develop the theory that Bresler committed constructive fraud by alleging that he deceived her by failing to disclose the terms of statutory compensation and his intention to seek such compensation for his probate work. Indeed, as best we can determine, the first time appellant argued that constructive fraud was a separate legal basis for denying Bresler fees was in the reply brief she filed in support of her motion to vacate.

■ " 'A motion to vacate under [Code of Civil Procedure] section 663 is a remedy to be used when a trial court draws incorrect conclusions of law or renders an erroneous judgment on the basis of uncontroverted evidence.' [Citation.]" (*Plaza Hollister Ltd. Partnership v. County of San Benito* (1999) 72 Cal.App.4th 1, 14 [84 Cal.Rptr.2d 715].) "It is designed to enable speedy rectification of a judgment rendered upon *erroneous application of the law to facts which have been found by the court or jury or which are otherwise uncontroverted.*" (*Forman v. Knapp Press* (1985) 173 Cal.App.3d 200, 203 [218 Cal.Rptr. 815], italics added; see to the same effect *Payne v. Rader* (2008) 167 Cal.App.4th 1569, 1575 [85 Cal.Rptr.3d 174].) In the present case, however, the probate court was not asked to make, nor did it make, any finding regarding constructive fraud when it settled the amended final account in its February 2011 order. Therefore, appellant was not entitled to raise that new theory for the first time via a motion to vacate the February 2011 order.

In any event, we reject appellant's substantive claim that she rescinded her agreement with Bresler pursuant to the provisions of the Civil Code. Indeed, we are extremely concerned that appellant and her counsel appear to be unfamiliar with the law of rescission, which we only briefly summarize here.

■ "A contract is extinguished by its rescission." (Civ. Code, § 1688.) "Rescission not only terminates further liability but restores the parties to

their former position by requiring each to return whatever he or she received as consideration under the contract, or, where specific restoration cannot be had, its value. [Citations.]" (1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, § 926, p. 1023.) The court does not rescind contracts but only affords relief based on a party-effected rescission. Both the grounds for rescission and the means by which parties may rescind their contract are governed by statute. (See Civ. Code, § 1688 et seq.)

The circumstances which entitle a party to rescission are set forth in Civil Code section 1689. Subdivision (a) of that statute states that "[a] contract may be rescinded if all the parties thereto consent." Subdivision (b)(1) of section 1689 codifies the contracting party's right to unilaterally rescind the contract under specified circumstances which include cases in which the consent of the rescinding party was "given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party."

The steps that a party must take in order to effect a rescission of the contract are set forth in Civil Code section 1691, which states, in part: "Subject to Section 1693, to effect a rescission a party to the contract must, promptly upon discovering the facts which entitle him to rescind if he is free from duress, menace, undue influence or disability and is aware of his right to rescind: [¶] (a) Give notice of rescission to the party as to whom he rescinds; and [¶] (b) Restore to the other party everything of value which he has received from him under the contract or offer to restore the same upon condition that the other party do likewise, unless the latter is unable or positively refuses to do so."

In the present case, appellant has not established or even argued that she followed the steps necessary to rescind her agreement with Bresler. Furthermore, on this record, appellant cannot substantiate her claim that she is entitled to the equitable remedy of rescission on the ground of constructive fraud.

Appellant's theory, as noted above, is that Bresler breached his fiduciary duty to her by misleading her about his intention to recover statutory compensation. The only evidence appellant identifies to support this theory is the statement in her declaration alleging that Faye Lee told her that Bresler would only charge $5,000 for his probate work. However, the court was not required to credit this statement, particularly when (1) at least one other statement in appellant's declaration was clearly false, i.e., the erroneous statement that appellant terminated Bresler in December 2005, and (2) appellant filed a petition under penalty of perjury in which she falsely reported that Bresler waived his statutory fee.

Furthermore, appellant ignores evidence in this record which is inconsistent with her factual claim that she was misled or deceived. Bresler produced documentary evidence in the form of time records which supported his contention that the discussion appellant had with Faye Lee about attorney fees pertained exclusively to nonprobate work. Furthermore, in October 2005, Bresler directly and unequivocally conveyed his intention to seek a statutory fee and submitted a bill for $5,000 for the nonprobate work completed by his firm.

In short, the problems with appellant's second claim of error are manifold: she did not properly raise the issue of constructive fraud; she did not take the steps necessary to effectuate a unilateral rescission; and there is at least substantial evidence that appellant was not deceived about Bresler's intention to seek a statutory fee for his ordinary probate work in this case.

■ In conclusion, we find that appellant failed to establish that Bresler violated section 6148, part of the State Bar Act, or that he committed constructive fraud. Therefore, the probate court did not err by awarding Bresler statutory compensation under section 10810 et seq. of the Probate Code.

## IV. DISPOSITION

The probate court's orders of February 9 and April 7, 2011, are affirmed.

Kline, P. J., and Lambden, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 12, 2012, S204535.