Filed 11/22/13  Jiang v. Wang CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ZHI CAI JIANG,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>SUO SHAN WANG et al.,<br><br>        Defendants and Appellants. | A136974<br><br>(Alameda County<br>Super. Ct. No. FG-11-587898) |

Following a two-day bench trial, the court entered a judgment awarding plaintiff Zhi Cai Jiang $7,677.12 for unpaid overtime wages and $4,000 for a violation of Labor Code section 226 by his former employers, defendants Tsuo Shan Wang and Palace Chef restaurant (collectively "defendants").  On the "Business Defamation" cause of action alleged in Palace Chef's cross-complaint, the court awarded damages of $10.  The court then awarded Jiang "reasonable statutory attorney fees in the amount of $33,180."  Defendants appeal from the judgment and the fee order.  They contend:  (1) the court "incorrectly calculated" the amount of overtime wages due Jiang; (2) the court also "incorrectly applied" Labor Code section 226; (3) the court "abused its discretion in finding a lack of proof with regards to Wang's assault and battery claims"; (4) the amount of attorney fees awarded to Jiang was "unreasonable"; and (5) because they prevailed on their claim for business defamation, they were entitled to attorney fees and punitive damages.  We conclude none of these claims has merit, and we affirm.

1

**BACKGROUND**

The judgment recites that the trial court "heard testimony and considered evidence submitted by the parties" at the two-day bench trial. Wang and Palace Chef have not included a reporter's transcript of the trial. In light of this decision, we must treat their appeal as an appeal "on the judgment roll." (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082-1083.) "On such an appeal, '[t]he question of the sufficiency of the evidence to support the findings is not open.'" (*Id*. at p. 1082.) Instead, we presume that all findings by the trial court are supported by substantial evidence, and we can only consider whether the judgment is supported by the findings or whether reversible error appears on the face of the record. (*Fitch v. Pacific Fid. Life Ins. Co*. (1975) 54 Cal.App.3d 140, 143, fn. 1 ["This appeal is based upon only the clerk's transcript and, as such, is considered to be on the judgment roll alone. [Citation.] Hence the trial court's findings and conclusions of law are presumed to be supported by substantial evidence and are binding upon us, unless the judgment is not supported by the findings or reversible error appears on the face of the record."].) " 'In a judgment roll appeal every presumption is in favor of the validity of the judgment and any condition of facts consistent with its validity will be presumed to have existed rather than one which will defeat it.' " (*Estate of Kievernagel* (2008) 166 Cal.App.4th 1024, 1031.)

To judge by certain recitals in subsequent documents, at the end of the two-day trial the court made a number of findings concerning the weekly number of hours Jiang worked (i.e., 49.5), and (quoting from plaintiff's posttrial brief) "invited briefing on the implication of these factual findings to the issue of damages." Aided with that briefing, the court then filed its statement of decision.

On the two causes of action which it determined in Jiang's favor, the court's statement of decision reads as follows:

"The court finds that Plaintiff actually worked 8-1/4 hours five days a week and worked 7-3/4 hours on a sixth day of each week. Plaintiff was paid a 'salary' of $1700 per month and was paid on a semi-monthly basis. Plaintiff's salary computes to a total of $392.31 per week and computes to $8.01 per hour. . . .

2

"*Second Cause of Action*

"The Court finds that the plaintiff is entitled to an award for defendants' failure to pay overtime wages to plaintiff for hours worked in excess of eight hours per day or the excess of forty hours per week. (See Labor Code § 510.) The amount of uncompensated overtime wages computed as follows:

"$\frac{(\$1700 \text{ X } 12) \div 52 = \$9.81}{40}$

"(1.5 X $7.81) - $8.01 = $6.71 per hour OT differential

"9 hours/week X $6.71 X 104 weeks = $6,280.56

"Interest, accumulating on a semimonthly basis, since July 31, 3009 computes to an interest award on the overtime wages of $1,396.56, this results in an award to plaintiff on the second cause of action in the amount of $7,677.12. [¶] . . .[¶]

"*Fifth Cause of Action*

"The court finds the defendants did not keep records of the plaintiff's wages and hours. The defendants' evidence does not persuade the court that the defendants were unintentional or not knowing in such failure. The fact that the plaintiff is an illegal alien who insists on payment of wages in cash does not excuse an employer from the obligations found in Labor Code § 226. Plaintiff is awarded the sum of $4000.00 on this cause of action."

Turning to the cross-complaint, the court determined as follows as to Palace Chef's second cause of action:

"On the 'Business Defamation' cause of action, the evidence is clear that the plaintiff knowingly made false statements regarding the Palace Chef Restaurant and that there was damage to the cross-complainant caused by such false statements. The cross-complainant did not, however, demonstrate any liquidated amount of loss or other way to evaluate damages; the court awards the nominal damage amount of $10.00 to the cross-complainant on this cause of action."

Later the court issued its ruling on attorney fees as follows: "Plaintiff Zhi Cai Jiang's Motion for Attorney Fees is GRANTED. As the prevailing party in this action,

3

the plaintiff is awarded reasonable statutory attorney fees in the amount of $33,180. (See Cal. Labor Code sections 1194(a) and 226(c). All hours expended by plaintiff's counsel for litigation in this matter are reasonable as are counsel's hourly rates."

**REVIEW**

We first address those contentions that are most directly impacted by the limitations of this judgment roll appeal.

**Wang's Assault and Battery Claims Are Not
Demonstrated As A Matter Of Law**

Defendants' opening brief states that Wang "alleged an assault and battery on Plaintiff Jiang. In proving this cause of action, Wang lined up three different witnesses to testify on his behalf. Each would help to prove that Jiang did indeed assault and batter Mr. Wang. In addition, Wang and his witnesses, including staff and customers, consistently testified that Jiang was a heavy smoker; did not wash his hands after returning from smoking; coughed toward the dishes; stomped his foot with a dirty shoe into the cut beef; and yelled and attacked Mr. Wang. Even with all of this evidence, the judge himself testified at the end of the trial that 'I've been observing Mr. Jiang through the trial and I did not see him cough at all.' Based on this statement and his observation, he discredited the witnesses' testimonies on the events. [¶] The judge abused his discretion here in finding against the Cross-Complaint. . . . The trial court judge failed in his duties to correctly evaluate the weight of the witnesses in this case. . . . [¶] Therefore, proper weight was not given to the witnesses for the Cross-Complaint and the trial judge abused his discretion in failing to acknowledge their importance to the case."

The most obvious defect in this reasoning is that substantial evidence is not measured by the number of witnesses testifying for, or against, a given point. (*People v. Rincon-Pineda* (1975) 14 Cal.3d 864, 884-885 & fn. 8; *Nichols v. Pacific Electric Ry. Co.* (1918) 178 Cal. 630, 631-632; *Fowden v. Pacific Coast Steamship Co*. (1906) 149 Cal. 151, 161.) Thus, the principle in Evidence Code section 412 that "the direct evidence of one witness . . . is sufficient for proof of any fact." "Witnesses are not counted, but rather their testimony is weighed." (*Shannon v. Mt. Eden Nursery Co. Inc*. (1933) 134 Cal.App.

4

591, 592.)  And it is the trier of fact, in this case the trial judge, who does the weighing, not this court.  The same is true for which witnesses are to be found credible.  "A reviewing court neither reweighs evidence nor reevaluates a witness's credibility." (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.)  Even if this court were authorized to reweigh or reevaluate witness credibility, the absence of a reporter's transcript would make such an inquiry impossible.

## The Trial Court Did Not "Incorrectly" Apply Labor Code Section 226

Defendants' contention on this point is based on an admission by defendants that is breathtaking in its audacity—not to mention its abject disregard of the applicable law, which is not even mentioned in defendants' opening brief.  (See *Batt v. City and County of San Francisco* (2007) 155 Cal.App.4th 65, 82-83, fn. 9.)  They argue that because Jiang is "an illegal immigrant" who wanted to be paid in cash, a desire in which they concurred for more than seven years, all parties were "involved in an illegal contract," the claimed upshot of which is that "Defendants cannot be liable under § 226."  As the trial court recognized, this reasoning is faulty.

In 2002, the Legislature enacted Civil Code section 3339, Government Code section 7285, and Labor Code section 1171.5, each of which declare California public policy that "a person's immigration status is irrelevant" to the application and enforcement of "state labor . . . laws."  (Stats. 2002, ch. 1071.)  "These statutes leave no room for doubt about this state's public policy with regard to the irrelevance of immigration status in enforcement of state labor, employment, civil rights, and employee housing laws.  Thus, if an employer hires an undocumented worker, the employer will also bear the burden of complying with the state's wage, hour and workers' compensation laws."  (*Hernandez v. Paicius* (2003) 109 Cal.App.4th 452, 460.)

Defendants next argue that "In all tort action[s], the Plaintiff owes a duty to the tortfeasor to mitigate damages," and, because Jiang failed to do so, "he has lost the right to argue a violation under Lab. Code § 226."  This was not a tort claim, but a statutory one.  Moreover, this court recently held that "It is the employer's burden 'to affirmatively

5

prove failure to mitigate as an affirmative defense.' " (*Mize-Kurzman v. Marin Community College Dist.* (2012) 202 Cal.App.4th 832, 871.) The record on appeal does not include defendants' answer, so it cannot be assumed that they even raised this affirmative defense. Finally, even if they did raise it, "the question whether an injured party acted reasonably to mitigate damages is a matter to be determined by the trier of fact and that the scope of review on appeal is circumscribed by the 'any substantial evidence rule.' [Citations.]" (*Green v. Smith* (1968) 261 Cal.App.2d 392, 397, fn. omitted.) On this limited record, defendants cannot establish that substantial evidence is lacking. (*Allen v. Toten*, *supra*, 172 Cal.App.3d 1079, 1082.)

The same is true of defendants' argument that the applicable statute of limitations had expired. (See *JSJ Ltd. Partnership v. Mehrban* (2012) 205 Cal.App.4th 1512, 1526 ["the statute of limitations . . . can be waived if not asserted as an affirmative defense and proven"].)

### Although They Prevailed On Their Claim for 'Business Defamation,' Defendants Are Not Entitled To Attorney Fees And Punitive Damages

Defendants next claim that because they were awarded compensatory damages on their claim for "business defamation," the trial court erred in not following through by awarding attorney fees and punitive damages. Defendants are wrong.

That the court awarded defendants the "nominal" damages of $10 does not necessarily demonstrate that they satisfied the statutory standard for punitive damages, proving "by clear and convincing evidence" that Jiang was "guilty of oppression, fraud, or malice." (Civ. Code, § 3294, subd. (a); see *Miller v. Elite Ins. Co.* (1980) 100 Cal.App.3d 739, 759.) "Exemplary or punitive damages are not recoverable as a matter of right. Their allowance rests entirely within the discretion of the jury," or, in this case, with the trial court acting as the trier of fact. (*Clark v. McClurg* (1932) 215 Cal. 279, 282.) Although the clear and convincing standard governs the trier of fact's decision whether to award punitive damages, that decision is reviewed on appeal according to the substantial evidence standard. (*Finney v. Lockhart* (1950) 35 Cal.2d 161, 163-164; *Stewart v. Union Carbide Corp.* (2010) 190 Cal.App.4th 23, 34; *Patrick v. Maryland*

6

*Casualty Co*. (1990) 217 Cal.App.3d 1566, 1576.)  Again, on this limited record, defendants cannot establish that the trial court's decision not to award punitive damages does not have the support of substantial evidence.  (*Allen v. Toten*, *supra*, 172 Cal.App.3d 1079, 1082.)

"California follows the 'American rule,' under which each party to a lawsuit must pay its own attorney fees unless a contract or statute or other law authorizes a fee award." (*Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc*. (2012) 211 Cal.App.4th 230, 237; accord, *Estate of Wong* (2012) 207 Cal.App.4th 366, 374.)  Defendants identify no contractual or statutory provision entitling them to recover attorney fees.

### Defendants Do Not Demonstrate That The Trial Court "Incorrectly Calculated" Jiang's Overtime

Defendants contend that "the overtime determination by the court was incorrectly calculated in Jiang's favor."  Jiang submitted that he was due $13,221.62 in overtime pay. Defendants responded that, according to how Jiang's hours of employment is calculated, he was owed either $3,408.28, or $5,010.50, or $6,686.58.  The trial court awarded Jiang $6,280.56, plus interest of $1,396.56, for a total of $7,677.12.  Defendants maintain "This amount is incorrect for two reasons:  first, the trial court incorrectly set Jiang's hourly wage at an amount higher than he actually earned.  Second, the numbers do not add up to the amount the court determined."

Defendants do not dispute the trial court's finding that Jiang's monthly salary was $1,700.  With Jiang's salary being fixed—and undisputed—his hourly wage would obviously be a function of how many hours he worked for that $1,700.  Based on the findings it announced at the end of the trial as to how many hours Jiang worked per week, the court determined that Jiang worked 9 hours overtime per week for the 104 weeks at issue.  Defendants attempt to impeach this figure on the basis of figures they submitted to the court in their posttrial brief.  These figures, all of which are predicated on the premise that defendants had already paid Jiang some overtime pay ("Actual payment for the overtime hours"), were obviously rejected by the trial court.  Just what evidence the trial

7

court found more credible is not apparent from the judgment roll appeal, but we must deem it sufficient to sustain the trial court's findings. (*Allen v. Toten*, *supra*, 172 Cal.App.3d 1079, 1082.)

Defendants' second point cannot be so easily dismissed. Even Jiang concedes that in the second line of the court's overtime formula contains an error, namely using the figure $7.81 instead of $9.81 (the amount of Jiang's hourly wage produced by computing the hourly wage produced by dividing his monthly salary by the statutory work week of 40 hours).

Actually, both of defendants' points are largely answered by the following in Jiang's posttrial brief: "As found by the trial court, plaintiff worked a total of 49.5 hours each week, or nine and a half hours of overtime. See Labor Code § 510(a). For a non-exempt full-time salaried employee as plaintiff, the regular hourly rate of pay is one-fortieth of the employee's weekly salary. (See Lab. Code § 515(d)), with overtime assessed at one and a half times the regular hourly rate. Plaintiff's regular hourly was therefore $9.81 ((($1,700/month X 12 months) / 52 weeks) / 40 hours), and his overtime rate was $14.71.

"Plaintiff's uncompensated overtime from the end of July 2007 to the end of December 2007 was equal to $7.21 an hour (subtracting the prevailing minimum wage of $7.50 to avoid double recovery), and from January 1, 2008 through his departure in mid July was equal to $6.71 an hour (subtracting minimum wage of $8.00 an hour). Plaintiff worked 22 weeks in 2007 that are within the limitations period . . . , 52 weeks for each of 2008 through 2010, and 28 weeks in 2011, a total of 206 weeks in which there were 9.5 hours of uncompensated overtime each week, or 1,957 total hours. The total amount of overtime unpaid is equal to $13,221.62."

The trial court made findings that were against Jiang (e.g., reducing the number of overtime hours to nine hours per week, eliminating 50 weeks), but it is clear that it accepted $9.81 as Jiang's hourly pay, and only that figure accords with the rest of the court calculations. In the circumstances, "[t]his was an error of form, and not of

substance," the result of "mischance" (*Clark v. McClurg*, *supra*, 215 Cal. 279, 285) that may be disregarded as nonprejudicial. (Cal. Const, art. VI, § 13.)

### The Attorney Fee Award is not "Unreasonable"

Unlike defendants, Jiang was able to point to two statutes authorizing an award of attorney fees. Each of the two statutes governing the causes of action on which Jiang prevailed specify that a prevailing employee is "entitled" to an award of attorney fees. (Lab. Code, §§ 226, subd. (h), 1194, subd. (a).) After conducting an unreported hearing, the trial court granted Jiang's application for an award of attorney fees in the amount of $33,180, expressly finding that "All hours expended by plaintiff's counsel for litigation of this matter are reasonable, as are counsel's hourly rates." Defendants contend this award must be overturned as "unreasonable" in several respects. They are mistaken.

Attorney fees under these statutes are recoverable as a matter of right. (See *Harrington v. Payroll Entertainment Services, Inc*. (2008) 160 Cal.App.4th 589, 594.) The standards governing review of a fee award are well-established: A "lodestar" method should be used to determine a statutory attorney's fee award unless the statutory authorization for the award provides for another method. (*Meister v. Regents of University of California* (1998) 67 Cal.App.4th 437, 448-449.) "[T]he lodestar method vests the trial court with the discretion to decide which of the hours expended by the attorneys were 'reasonably spent' on the litigation. [Citation.] The lodestar amount is the product of the number of hours 'reasonably spent' and the reasonable rate." (*Id.* at p. 449.) A party may be compensated for hours reasonably spent on recovering attorney's fees. (*Id.* at p. 455.) However, if a fee request appears unreasonably inflated, the trial court may reduce the award or deny it altogether. (*Id.* at pp. 447-448.) A fee award must "bear some rational relationship to the amount of the substantive recovery." (*Bakkebo v. Municipal Court* (1981) 124 Cal.App.3d 229, 236.) "The determination of an appropriate statutory fee award is committed to the trial court's sound discretion and will not be disturbed unless the court abused this discretion and the appellate court is ' " 'convinced' " ' the ruling is ' " 'clearly wrong.' " ' " (*Cates v. Chiang* (2013) 213 Cal.App.4th 791, 820-821.) Appellate court deference is appropriate because "[t]he

9

' "experienced trial judge is the best judge of the value of professional services rendered in his court . . . ." ' " (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1132.)

Based on the fact that Jiang sought a much greater recovery than he received, defendants first argue that "the damages awarded are not reasonably proportionate to the amount of attorney's fees sought." We believe defendants are in effect making an apportionment argument, namely, that the trial court failed to limit Jiang's fee award to only those parts of his litigation posture on which he prevailed.

As noted, Jiang's entitlement to attorney fees was absolute.

" 'When a cause of action for which attorney fees are provided by statute is joined with other causes of action for which attorney fees are not permitted, the prevailing party may recover only on the statutory cause of action. However, the joinder of causes of action should not dilute the right to attorney fees.' [Citation.] Upon determining an award of attorney fees . . . is appropriate under [a particular statute], apportionment of fees . . . similarly rests within the sound discretion of the trial court. . . . Apportionment is not required when the claims for relief are so intertwined that it would be impracticable, if not impossible, to separate the attorney's time into compensable and noncompensable units. [Citations.]" (*Bell v. Vista Unified School Dist.* (2000) 82 Cal.App.4th 672, 686-687.)

Because this is a judgment roll appeal, we can assume the trial court implicitly determined at apportionment was not possible. (*Estate of Kievernagel*, *supra*, 166 Cal.App.4th 1024, 1031.) Such a determination would also be entitled to considerable deference because it would be based on what the trial court had observed of the two sides' litigation strategies during the trial. (*Ketchum v. Moses*, *supra*, 24 Cal.4th 1122, 1132.) In the absence a more complete record, such an implicit determination cannot be condemned as clearly wrong and thus an abuse of the trial court's discretion. (*Cates v. Chiang*, *supra*, 213 Cal.App.4th 791, 820-821; *Fitch v. Pacific Fid. Ins. Co.*, *supra*, 54 Cal.App.3d 140, 143, fn. 1.)

Defendants next argue that "in calculating the lodestar amount, the court failed to consider whether Attorney's Hourly Rate was reasonable." In the face of the trial court's

10

express finding the charged rates of Jiang's attorneys were reasonable, this argument may be summarily rejected.

The same is true for defendants' argument that the 90 hours claimed by Jiang's attorneys was "unreasonable."  We also note that billing 90 hours for two attorneys in a two-day trial is hardly preposterous on its face, and would easily come within the trial court's discretion in evaluating the extent and worth of counsels' services.  (*Ketchum v. Moses*, *supra*, 24 Cal.4th 1122, 1132.)

## DISPOSITION

The judgment and the fee order are affirmed.  Jiang shall recover his costs of appeal.

_____
Richman, J.

We concur:

_____
Kline, P.J.

_____
Haerle, J.

11