Filed 7/31/14  Estate of Walker CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

**Estate of Alexander Greenhorn Walker,
Deceased.**

**JEANNE DALTON, as Administrator,
etc.,**

    **Petitioner and Respondent,**

    **v.**

**JOHN A. DeRONDE, JR.,**

    **Objector and Appellant.**

_____/

    **A141176**

    **(San Mateo County
    Super. Ct. No. 123077)**

    Attorney John A. DeRonde, Jr., initially represented Jeanne Dalton, the administrator of Alexander Greenhorn Walker's estate.  Several months later, attorney Marc Seidenfeld replaced DeRonde as Dalton's attorney.  The probate court awarded DeRonde $952.75 and Seidenfeld $14,747.25 in statutory attorney fees (Prob. Code, §§ 10810, 10814)[1] and denied DeRonde's motion for reconsideration.

    DeRonde appeals in propria persona, contending the court abused its discretion by

_____

[1]    Unless noted, all further statutory references are to the Probate Code.

1

awarding him only $952.75.[2]  We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Dalton is the administrator of Walker's estate.  The estate had one asset: residential property with an appraised value of $551,506.  DeRonde represented Dalton from February 2013 until July 2013.  During that time, DeRonde prepared the initial pleadings and obtained a waiver of the bond and a reunification of inheritance from Dalton's sister.  DeRonde, however, took no further action to probate the estate.

The delay prompted Dalton to hire Seidenfeld to represent her in July 2013.  Seidenfeld had Dalton appointed as administrator of the estate and arranged for the repair and sale of the property for $635,000, "a good price, considerably more than initially expected, given its prior condition."  Seidenfeld also filed an inventory and appraisal (§ 8800) and a report of administrator and petition for settlement of the estate, request for waiver of accounting, and allowance of fees and for final distribution.

Based on formula set out in section 10810, the statutory fees available to DeRonde and Seidenfeld were $15,700.  DeRonde filed a charging lien requesting 50 percent "of the ordinary estate probate fee" (§ 10810) and extraordinary fees of $1,500 (§ 10811).  He also sought apportionment (§ 10814).  DeRonde claimed "the posture of this case when Mr. Seidenfeld entered the picture was that essentially it was over, and . . . all he had to do was file a First and Final Account" and seek attorney fees.

Dalton submitted two declarations regarding DeRonde's fee request.  In her declaration, Dalton stated she paid DeRonde a $1,000 retainer and paid for various court costs with her own money.  She also averred she wanted to use a realtor "of [her] own

---

[2]  DeRonde appealed from the order denying his motion for reconsideration but his briefs raise no arguments regarding the denial of that motion.  As a result, the issue is abandoned.  (*Mann v. Cracchiolo* (1985) 38 Cal.3d 18, 41.)  In his opening brief, DeRonde seems to claim the trial court and court reporter overcharged him for preparing the appellate record.  We reject this argument as unintelligible and unsupported by authority.  (*Singh v. Lipworth* (June 18, 2014, C073177) ___ Cal.Rptr.3d ___[2014 WL 3027090].)  In his opening brief, DeRonde requests we take judicial notice of certain documents omitted from the appellate record.  We decline to do so because DeRonde has not filed a motion for judicial notice.  (Cal. Rules of Court, rule 8.252(a)(1).)

2

choosing" to sell the property but DeRonde "tried to convince [her] to use a realtor recommended by him[,]" one who had agreed to give him a referral fee. DeRonde did not tell Dalton about the referral fee arrangement.

In his declaration, Seidenfeld stated he offered Dalton $4,000 of the statutory fee, but Dalton rejected the offer and demanded "75% of the statutory fee." As Seidenfeld explained, the $4,000 offer was "more than generous and more than adequate compensation for the work he did on this matter, especially given the fact that he . . . already received payment from [Dalton], without authorization from the court. Given . . . that his own billing in this matter shows that he spent less than six hours on it and that he bills at the rate of $250.00 an hour, he should be awarded no more than $1,500.00, plus the $452.75 he billed for paralegal time, less the $1,000.00 already received, for a total of $952.75." Seidenfeld urged the court to deny DeRonde's request for extraordinary fees and attached invoices for the work DeRonde performed for Dalton.

At a hearing, the court described Dalton's declaration as "compelling" and noted DeRonde's invoices suggested he spent only six hours on the case. The court also observed "credibility [was] at issue" regarding conflicting statements made by DeRonde and Dalton. Following the hearing, the court issued a "Judgment Settling Report of Administrator, Granting Petition for Settlement of Estate, Waiving Accounting and Allowing Compensation and Final Distribution" determining the statutory fee award was $15,700 and awarding DeRonde $952.75 and Seidenfeld $14,747.25 (§§ 10810, 10814).

The court denied DeRonde's motion for reconsideration.

DISCUSSION

An attorney for the decedent's personal representative "shall receive compensation" for "ordinary services" provided to the personal representative "based on the value of the estate" and calculated pursuant to a statutory formula. (§ 10810; see also *Estate of Wong* (2012) 207 Cal.App.4th 366, 375.) Section 10814 governs the apportionment of compensation among multiple attorneys for the personal representative. (14 Witkin, Summary of Cal. Law (10th ed. 2005) Wills and Probate, § 532, p. 610.) Section 10814 provides: "If there are two or more attorneys for the personal

3

representative, the attorney's compensation shall be apportioned among the attorneys by the court according to the services actually rendered by each attorney or as agreed to by the attorneys."[3] The probate court has discretion to apportion statutory attorney fees for ordinary services among a personal representative's attorneys. (*Estate of McManus* (1963) 214 Cal.App.2d 390, 400.)

Here, the court did not abuse its discretion by apportioning fees pursuant to section 10814 and by denying DeRonde's requests for "50% of the ordinary estate probate fees" and extraordinary fees. DeRonde performed minimal work for Dalton, as evidenced by his invoices, and there is no evidence justifying an award of extraordinary fees. (See *Estate of Stevenson* (2006) 141 Cal.App.4th 1074, 1091.) That DeRonde would have preferred a different ruling does not demonstrate an abuse of discretion. Rather, "[d]iscretion is abused only when in its exercise, the trial court 'exceeds the bounds of reason, all of the circumstances before it being considered.' [Citation.] There must be a showing of a clear case of abuse and miscarriage of justice in order to warrant a reversal. [Citation.]" (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 281.) DeRonde cannot make that showing here, and his ad hominem attacks on Seidenfeld and the probate court judge are unwarranted and unpersuasive. We conclude the court properly apportioned attorney fees pursuant to section 10814 and denied DeRonde's request for extraordinary fees pursuant to section 10811. (*Estate of Gonzales* (1949) 93 Cal.App.2d 440, 443.)

---

3   California Rules of Court, rule 7.704(a) similarly provides in relevant part: "[t]here is one . . . statutory attorney fee for ordinary legal services to the personal representative, regardless of the number of personal representatives or attorneys performing the services. The court may apportion statutory commissions and fees among multiple, successive, and concurrent personal representatives or attorneys. The apportionment must be based on the agreement of the multiple personal representatives or attorneys or, if there is no agreement, according to the services actually rendered by each of them."

4

## DISPOSITION

The judgment is affirmed.

_____
Jones, P.J.

We concur:

_____
Needham, J.

_____
Bruiniers, J.