[Civ. No. 44945. Second Dist., Div. Four. June 30, 1975.]

Estate of FRANCIS W. VIRGL, Deceased.
KENNETH CORY, as State Controller, Petitioner and Appellant, v.
VENN VINCENT VIRGL, Objector and Respondent.

Guardianship of the Estate of
VENN VINCENT VIRGL, an Incompetent Person.
KENNETH CORY, as State Controller, Petitioner and Appellant, v.
VENN VINCENT VIRGL, Objector and Respondent.

## COUNSEL

Myron Siedorf, Margaret Groscup and Richard J. Barnet for Petitioner and Appellant.

No appearance for Objector and Respondent.

## OPINION

**KINGSLEY, Acting P. J.**—The State Controller appeals from an order denying his motion: (1) to correct, *nunc pro tunc,* an order fixing inheritance tax in the estate of Francis Virgl; and (2) to "establish and enforce an implied contract."[1] For the reasons set forth below, we dismiss the appeal.

All of the pleadings and orders herein involved are entitled both in the estate of Francis Virgl and in the guardianship estate of Venn Vincent Virgl. The first of the above motions was properly filed in the Francis Virgl proceeding; the second, insofar as it has any legitimany, was one to be filed in the Venn Vincent Virgl proceeding. We so treat them.

Francis Virgl died on April 9, 1966, leaving a will whereby she left her entire estate to Frank Virgl, her husband, on condition that he survive final distribution; in case of his death prior to distribution, the estate passed to her son Venn Vincent Virgl. She also left certain property, held in joint tenancy with her son. An inheritance tax appraiser was duly appointed and filed his appraisement and his report, reciting that the entire probate estate passed to the husband, with no inheritance tax

---

[1] The motion also sought various procedural remedies dealing with the processes of the hearing. Those portions of the motion are not before us on this appeal.

payable and determining the tax to be paid with respect to the joint tenancy property. On April 29, 1969, Commissioner Cupp signed an order fixing the inheritance tax on the amount determined by the appraiser.[2] In fact, Frank Virgl had died on December 16, 1968, before final distribution of Francis Virgl's estate; on December 24, 1969, a final decree of distribution in Francis' estate was entered, distributing the entire probate estate to the son, Venn Vincent.

In June 1972, the Controller instituted the present proceeding, seeking to correct the order fixing tax and to secure an order establishing and enforcing an alleged duty on the part of the son's guardianship estate to pay the tax which should have been assessed against his distributed share. After various proceedings,[3] the probate court denied the relief requested and this appeal followed.

The facts are not in dispute. We set forth some of them, as contained in findings signed at one stage of the proceedings by Judge Dowds:

"FINDINGS OF FACT

"1. The Order Fixing Inheritance Tax entered on April 29, 1969, in the above-entitled action was based on the entire probate estate passing to Frank W. Virgl, husband of the decedent, and no tax was assessed on this transfer. No appeal was taken from such order and no motion to set aside the same was filed until June 2, 1972.

"2. Decedent's will provided that in the event the said Frank W. Virgl should die prior to the distribution of the estate then the entire estate should go to the decedent's son, Venn Vincent Virgl.

"3. The said Frank W. Virgl died on December 16, 1968, prior to distribution of the estate and the estate therefore passed and was eventually distributed to the said Venn Vincent Virgl according to the provisions of the provisions [sic] of the will.

---

[2] It is agreed that Commissioner Cupp was duly authorized to act for the court in signing such orders and that her act in signing was the act of the probate court.

[3] The matter was originally heard by Judge Dowds, who denied the motion to correct. After he had denied a motion for rehearing, the Controller filed a new motion, which was heard and denied by Judge Riley. Judge Riley adopted the findings of Judge Dowds hereinafter quoted, and added his own findings. It is Judge Riley's order that is before us on this appeal.

"4. The error in the Order Fixing Inheritance Tax in not taxing the probate estate to Venn Vincent Virgl resulted in an underassessment of inheritance tax to Venn Vincent Virgl.

"5. At the time of entry of the Order Fixing Inheritance Tax on April 29, 1969, the following items were on file with the Los Angeles County Superior Court: (1) The will admitted to probate in the above-entitled estate providing that Frank W. Virgl must survive to distribution (2) a probate file for Frank W. Virgl showing him to have died prior to distribution on December 16, 1968 (P. 542 988).

"6. The Order Fixing Inheritance Tax, sought to be corrected, bears the stamped signature 'Cupp,' dated April 29, 1969.

"7. In the probate file of Frank W. Virgl the same stamped signature appears approving creditor's claims on the following dates: February 14, 1969, February 18, 1969, February 21, 1969, and March 18, 1969.

"8. The Report of Inheritance Tax Appraiser, reciting that the entire probate passed to Frank W. Virgl, was filed herein on April 17, 1969, with affidavit of service upon George R. Maury, attorney for the estate.

"9. The probate file for Frank W. Virgl shows that the said Maury presented a creditor's claim against the estate of Frank W. Virgl on February 20, 1969.

"10. Maury never advised the Court, the Controller, or the Appraiser that the Report of Inheritance Tax Appraiser was incorrect due to Frank W. Virgl having already died."

In addition, Commissioner Cupp testified that she had signed the order fixing the inheritance tax in reliance on the report of the appraiser and without knowledge of Frank Virgl's death, that she had not and, because of the number of probate cases before her, could not have, checked the probate file, that she had not, and had not intended, either to interpret the will or to determine whether Frank Virgl was alive, and that she had had no intent other than to follow the will.

I

■ The appeal from the order denying the motion to correct, *nunc pro tunc*, the order fixing the inheritance tax must be dismissed.

Assuming that the Controller is correct that, by virtue of section 14672 of the Revenue and Taxation Code, the appealability of that order is one governed by the rule applicable to appeals in civil actions, rather than by the more limited rules set forth in section 1240 of the Probate Code, the order, still, is not appealable. The general rule is that an order denying a motion to vacate or correct an earlier order is not appealable. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 91, pp. 4098-4099.) It is true that there are a few limited exceptions to that rule. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 92, pp. 4099-4100.) However, those exceptions, so far as we can ascertain, are only in situations where the moving party was not a party to the litigation at the time of the order attacked (*Estate of Baker* (1915) 170 Cal. 578, 582 [150 P. 989]), or had not properly been served (*De La Montanya* v. *De La Montanya* (1896) 112 Cal. 101 [44 P. 345]), or where the motion was made on the ground of extrinsic fraud (*Cope* v. *Cope* (1964) 230 Cal.App.2d 218 [40 Cal.Rptr. 917]).

Here the Controller was a party to the litigation at the time the order was made, that order was appealable and the facts herein relied upon were all in existence at that time. We recognize that, in *Valentin* v. *Valentin* (1949) 93 Cal.App.2d 588, 592 [209 P.2d 654], it is stated that an appeal will lie from an order denying a motion to vacate where an appeal from the original order would be vain for lack of a record showing the rights of the aggrieved party. However, where, as here, the facts relied on were available to the party before the order had become final, his remedy was to move, during that interval, to correct the order and then secure relief on his appeal from a nonrevised order.

Unlike the situation in *Cope, supra,* 230 Cal.App.2d 218, the error herein involved was a clerical error and not one involving extrinsic fraud.

## II

The order denying the motion "to establish and enforce an implied contract" likewise is nonappealable. In a guardianship proceeding, only the orders specified in section 1630 of the Probate Code are appealable. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 109, pp. 4109-4110.) That section reads as follows: "An appeal may be taken from an order granting or revoking letters of guardianship; settling an account of a guardian; instructing or directing a guardian; or refusing to make any order heretofore mentioned in this section."

The only provision for orders instructing or directing a guardian are sections 1557, 1557.1, 1558, none of which may be invoked by an alleged creditor.

We know of no authority for a probate court, in a guardianship proceeding, to enforce, at the suit of an alleged creditor, an alleged obligation of the ward. The Controller's remedy, if he has one, is to sue Venn Vincent in a plenary action at law.

The appeal is dismissed.

Dunn, J., and Cole, J.,* concurred.

A petition for a rehearing was denied July 16, 1975, and appellant's petition for a hearing by the Supreme Court was denied August 28, 1975.

*Assigned by the Chairman of the Judicial Council.