[No. B008102. Second Dist., Div. One. Oct. 11, 1985.]

LEONARD M. FORMAN et al., Plaintiffs and Appellants, v.
KNAPP PRESS et al., Defendants and Respondents.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication
with the exception of parts II and III.

**COUNSEL**

Francis C. Pizzulli for Plaintiffs and Appellants.

MacDonald, Halsted & Laybourne, Joel Mark and Wendy A. Woldt for Defendants and Respondents.

---

**OPINION**

**LUCAS, J.**—Plaintiffs Leonard Forman (Forman) and Forman Publishing Co. appeal from a summary judgment in favor of defendants Knapp Communications Corporation and the Knapp Press (collectively Knapp) and from an order denying plaintiffs' motion to vacate that judgment. We dismiss the latter phase of the appeal and affirm the judgment.

I

■ Preliminarily, we address the jurisdictional question whether the order denying plaintiffs' motion to vacate the summary judgment is appealable. Although Code of Civil Procedure section 904.1 allows an appeal from "an order made after a judgment made appealable [herein]" (*id.*, subd. (b)), the general rule, subject to exceptions not here present, is that only denial of a *statutory* motion to vacate a judgment may so be appealed. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, §§ 91-94, pp. 4098-4102.)

■ Plaintiffs labelled their instant motion to vacate as one made under Code of Civil Procedure section 663. If that characterization were correct, we would face a perplexing question of stare decisis. The Supreme Court has long held that denial of a motion under section 663 is appealable. (E.g., *Socol* v. *King* (1949) 34 Cal.2d 292, 296-297 [209 P.2d 577]; see 6 Witkin, *supra*, § 94, pp. 4100-4102.) Witkin concurs (*ibid.*), and his recitation to that effect has been approvingly cited by the high court. (*Hollister Convalescent Hosp., Inc.* v. *Rico* (1975) 15 Cal.3d 660, 663-664 [125 Cal.Rptr. 757, 542 P.2d 1349].) But in its most recent decision on the subject, the court squarely held such an order not to be appealable, and dismissed an appeal therefrom. (*Clemmer* v. *Hartford Insurance Co.* (1978) 22 Cal.3d 865, 871, 873, 890 [151 Cal.Rptr. 285, 587 P.2d 1098].) The latest edition of another leading text on California appellate procedure deems a section 663 denial nonappealable, relying principally on *Clemmer*. (Cal. Civil Appellate Practice (Cont.Ed.Bar 2d ed. 1985) § 7.34, p. 196.) On the other hand, the *Clemmer* case cited no authority for its incongruous holding, and did not in terms purport to disapprove the consistent line of earlier cases.

We need not attempt to resolve this conflict among the Supreme Court's pronouncements and commentators—although we do commend the question to that court for clarification—because plaintiffs' instant motion to vacate

the judgment was not a true section 663 motion. Such a motion does not lie to vacate a summary judgment and remit an action for trial, as was here sought. Rather, section 663 empowers a trial court, on motion of "[a] party . . . entitl[ed] . . . to a different judgment" from that which has been entered, to vacate its judgment and enter "another and different judgment." The procedure appertains after rendition of a judgment "based upon a decision by the court, or the special verdict of a jury . . . ." (*Ibid.*) It is designed to enable speedy rectification of a judgment rendered upon erroneous application of the law to facts which have been found by the court or jury or which are otherwise uncontroverted. (Compare *County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 738 [97 Cal.Rptr. 385, 488 P.2d 953] with *Simac Design, Inc.* v. *Alciati* (1979) 92 Cal.App.3d 146, 153 [154 Cal.Rptr. 676].)

■ ■ ■ ■ Plaintiffs' instant motion to vacate was not within the category established by section 663, inasmuch as it essentially sought to have the summary judgment vacated and the action restored to the trial calendar.[1] Rather, the motion was akin to a motion for new trial, which may be brought after summary judgment (e.g., *Jacuzzi* v. *Jacuzzi Bros., Inc.* (1966) 243 Cal.App.2d 1, 22 [52 Cal.Rptr. 147]). ■ However, denial of a motion for new trial or a nonstatutory motion to vacate such as made here is not appealable, inasmuch as an appeal from the judgment affords review of all contentions that could have been considered upon the second, separate appeal. (*Hughes* v. *De Mund* (1924) 195 Cal. 242, 247 [233 P. 94]; 6 Witkin, *supra*, § 91, pp. 4098-4099.) Accordingly, the purported appeal from the denial of the motion to vacate the summary judgment must be dismissed.

II*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[1]Plaintiffs also asked the trial court in the alternative to modify its summary judgment for defendants so as to award plaintiffs certain affirmative relief which they had sought on a motion for summary adjudication of issues (Code Civ. Proc., § 437c, subd. (f)). This phase of plaintiffs' motion to vacate did not qualify as a motion made under section 663, because (1) plaintiffs sought modification of the judgment (cf. Code Civ. Proc., § 662) rather than entry of "another and different judgment" (*id.*, § 663); and (2) plaintiffs, having previously moved only for summary adjudication of issues, would not have been entitled to a *judgment* in their favor at this stage of the case even had their substantive contentions been valid (Code Civ. Proc., § 437c, subd. (j)).

*See footnote, *ante,* page 200.

## IV

The appeal from the order denying the motion to vacate the judgment is dismissed. The judgment is affirmed.

Spencer, P. J., and Hanson (Thaxton), J., concurred.

A petition for a rehearing was denied November 7, 1985, and appellants' petition for review by the Supreme Court was denied December 30, 1985.