[No. C055242. Third Dist. Nov. 4, 2008.]

WILLIAM C. PAYNE, Plaintiff and Appellant, v.
RICHARD E. RADER et al., Defendants and Respondents.

**COUNSEL**

Law Offices of Wanland & Spaulding, Donald M. Wanland, Jr., and Matthew D. Pearson for Plaintiff and Appellant.

Schuering Zimmerman Scully Tweedy & Doyle, Leo H. Schuering, Jr., Glenn M. Holley and Aimee L. Clark for Defendants and Respondents.

**OPINION**

**BUTZ, J.**—Plaintiff William C. Payne appeals from (1) a judgment of dismissal entered after a demurrer to his amended complaint was sustained without leave to amend, and (2) a postjudgment order denying plaintiff's motion to vacate the dismissal pursuant to Code of Civil Procedure section 663.[1]

For reasons we will explain, the appeal from the judgment of dismissal is untimely, and no appeal lies from the order denying Payne's section 663 motion. Hence, we shall dismiss both appeals.[2]

### PROCEDURAL HISTORY

On September 21, 2006, Payne filed an amended complaint for damages, indemnity and other relief against Richard E. Rader and several individual partners in the law firm of Rader, Rader, Goulart and Gray.

Defendants demurred to the complaint on grounds that all causes of action were barred by applicable statutes of limitations.

By minute order, the trial court sustained the demurrer without leave to amend. A judgment of dismissal was entered on January 11, 2007 (all further

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

[2] The notice of appeal also purports to appeal from the trial court's order denying Payne's motion to strike costs. However, since Payne mounts no challenge to the order in his appellate briefs, we deem that appeal as abandoned. (*Wright v. City of Los Angeles* (2001) 93 Cal.App.4th 683, 689 [113 Cal.Rptr.2d 352].)

calendar references are to that year), and defendants served notice of entry of judgment on January 16.

On January 31, Payne filed a motion to vacate the judgment of dismissal. The motion stated that it was based on "several grounds under [section] 663." Specifically, Payne complained that the trial court had committed legal error in ruling that his various causes of action were time-barred and in failing to grant leave to amend the complaint.

On March 13, the trial court issued a minute order denying Payne's motion to vacate. The court ruled that "[a] judgment of dismissal entered after a demurrer has been sustained without leave to amend is not 'within the category established by' [section] 663." The court thus concluded that the motion was procedurally improper, and denied it on that basis.

On March 20, Payne filed a notice of appeal from both the judgment of dismissal and the minute order denying his motion to vacate.

## DISCUSSION

■ Compliance with the requirements for filing a notice of appeal is mandatory and jurisdictional. (*Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 674 [125 Cal.Rptr. 757, 542 P.2d 1349]; *Laraway v. Pasadena Unified School Dist.* (2002) 98 Cal.App.4th 579, 583 [120 Cal.Rptr.2d 213].) If a notice of appeal is not timely, the appellate court *must* dismiss the appeal. (*Hollister*, at p. 674; *Laraway*, at p. 583; Cal. Rules of Court, rule 8.104(b).[3])

### I. The Appeal from the Judgment Is Untimely

■ A notice of appeal from a judgment must be filed on or before the earliest of (1) 60 days after the trial court's mailing of the notice of entry of judgment, (2) 60 days after a party's service of the notice of entry of judgment, or (3) 180 days after entry of judgment. (Rule 8.104(a)(1)–(3).)

Defendants served their notice of entry of judgment on January 16. Since the 60th day, March 17, fell on a Saturday, the last day to file a notice of appeal under the 60-day rule was Monday, March 19. (§ 12a.) Payne's notice of appeal was not filed until March 20. Thus, the appeal was untimely unless the appeal period was extended by some other rule.

---

[3] Undesignated rule references are to the California Rules of Court.

■ The only rule that could conceivably extend the period is rule 8.108(c), which provides that if, during the normal time for appeal from the judgment, any party serves and files a *valid* motion to vacate the judgment, the time to appeal from the judgment is extended until at least 30 days after the court clerk mails, or a party serves, the order denying the motion to vacate or a notice of entry thereof. Accordingly, Payne's time to appeal was extended only if his section 663 motion was a *valid* one. (See *Ten Eyck v. Industrial Forklifts Co.* (1989) 216 Cal.App.3d 540, 545 [265 Cal.Rptr. 29] [interpreting rule 8.108's predecessor, former rule 3].)

A "valid" motion to vacate, for purposes of extending time for filing a notice of appeal, means "a motion based on some *recognized grounds* for vacation; it cannot be stretched to include any motion, regardless of the basis for it." (*Lamb v. Holy Cross Hospital* (1978) 83 Cal.App.3d 1007, 1010 [148 Cal.Rptr. 273], italics added.) Section 663 lists two grounds for granting a motion to vacate: "A judgment or decree . . . may, upon motion of the party aggrieved, be set aside and vacated by the same court, *and another and different judgment entered,* for either of the following causes, materially affecting the substantial rights of the party and entitling the party to a different judgment: [¶] 1. Incorrect or erroneous *legal basis for the decision, not consistent with or not supported by the facts*; and in such case when the judgment is set aside, the statement of decision shall be amended and corrected [or] [¶] 2. A judgment or decree not consistent with or not supported by the special verdict." (§ 663, italics added.)

■ For obvious reasons, the second ground is inapplicable. But the other ground is equally inapposite. As the statutory language indicates, a motion to vacate lies only where a "different judgment" is compelled by the *facts* found. (§ 663.) A motion to vacate under section 663 may only be brought when "the trial judge draws an incorrect legal conclusion or renders an erroneous judgment *upon the facts found by it to exist.*" (*County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 738 [97 Cal.Rptr. 385, 488 P.2d 953], italics added.) " 'A motion to vacate under [Code of Civil Procedure] section 663 is a remedy to be used when a trial court draws *incorrect conclusions of law* or renders an erroneous judgment on the basis of *uncontroverted evidence.*' " (*Plaza Hollister Ltd. Partnership v. County of San Benito* (1999) 72 Cal.App.4th 1, 14 [84 Cal.Rptr.2d 715], italics added, quoting *Simac Design, Inc. v. Alciati* (1979) 92 Cal.App.3d 146, 153 [154 Cal.Rptr. 676].)

Applying these principles, it is clear that a section 663 motion does *not* lie to vacate a judgment following an erroneous ruling on a demurrer, as the trial court concluded.

■ First, a demurrer tests only the sufficiency of the pleadings. (§ 430.30.) There were no "conclusions of law" to be corrected from "uncontroverted evidence." Indeed, a ruling on a demurrer does not involve either admission of evidence or findings of fact.

■ Second, section 663 only "empowers a trial court, on motion of '[a] party . . . entitl[ed] . . . to a different judgment' from that which has been entered, to vacate its judgment *and enter 'another and different judgment.'* " (*Forman v. Knapp Press* (1985) 173 Cal.App.3d 200, 203 [218 Cal.Rptr. 815], italics added (*Forman*).) As the court noted in *Forman*, a section 663 motion "is designed to enable speedy rectification of a judgment rendered upon erroneous application of the law to facts which have been found by the court or jury or which are otherwise uncontroverted." (*Forman*, at p. 203.) Here, Payne was not asking the trial court to enter a different judgment. Instead, he was seeking to have the court vacate its prior ruling on a demurrer. The relief sought would not involve the entry of a different judgment but would merely allow Payne to file further pleadings.

■ For these reasons, the trial court was absolutely correct that Payne's motion to vacate the judgment was procedurally infirm, and stated no valid grounds for relief. A section 663 motion simply does not lie to vacate a judgment following a demurrer sustained without leave to amend. (See *Forman, supra*, 173 Cal.App.3d at p. 203 [§ 663 motion invalid where case disposed of by summary judgment].)

Since Payne's section 663 motion was not a "valid" one, it did not extend the time to appeal from the judgment. The notice of appeal was untimely and must be dismissed.

Although Payne argues that the *trial court* should have treated his motion as a motion for new trial, he does not claim we should deem it a motion for new trial for purposes of extending the time to appeal from the judgment. (See rule 8.108(b).) In any event, we reject the suggestion.

■ The statutory procedures for making and determining a motion for new trial are mandatory and jurisdictional: strict, literal compliance is required. (*Mercer v. Perez* (1968) 68 Cal.2d 104, 118 [65 Cal.Rptr. 315, 436 P.2d 315].) Payne's motion bore no resemblance to a motion for new trial, nor did he list any of the statutory grounds for new trial in his notice of motion.

■ More importantly, rule 8.108 strictly provides that the time to appeal may be extended only upon the filing of *valid* motions to vacate, for reconsideration, for new trial and for judgment notwithstanding the verdict. (Rule 8.108(a)–(e).) As the Advisory Committee comment to this rule states:

"[T]he word 'valid' means . . . that the ·motion or notice complies with *all procedural requirements* . . . ." (Advisory Com. com., 23 pt. 2 West's Ann. Codes, Rules (2006 ed.) foll. rule 8.108, 2d par., p. 488, italics added.) Were we to begin saving untimely appeals by allowing procedurally invalid posttrial motions to be deemed entirely different motions, we would be subverting the carefully drawn jurisdictional scheme. Such mischief is strictly forbidden. "In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal [citation], even to relieve against mistake, inadvertence, accident, or misfortune . . . ." (*Estate of Hanley* (1943) 23 Cal.2d 120, 123 [142 P.2d 423].)

## II. No Appeal Lies from the Denial of Payne's Motion to Vacate

 As Witkin notes: "The denial of a motion to vacate a prior judgment or order is an order after final judgment that affects the judgment and therefore can be appealable under certain special circumstances. [Citation.] However, these circumstances are rare; most of the orders are. nonappealable for compelling reasons: [¶] (1) *If the prior judgment or order was appealable, and the grounds on which vacation is sought existed before entry of judgment, the correctness of the judgment should be reviewed on an appeal from the judgment itself.* To permit an appeal from the order refusing to vacate would give the aggrieved party two appeals from the same decision or, if the party failed to take a timely appeal from the judgment, an unwarranted extension of time starting from the subsequent order." (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 197, pp. 273–274, italics added; see also *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651 [25 Cal.Rptr.2d 109, 863 P.2d 179]; *Estate of Virgl* (1975) 49 Cal.App.3d 590, 595 [122 Cal.Rptr. 677].)

Payne's appeal from the denial of his motion to vacate tenders only issues that could have been raised on appeal from the judgment, i.e., the propriety of the trial court's ruling sustaining the demurrer without leave to amend. To allow an appeal from the trial court's refusal to vacate its own ruling would, in effect, give Payne two appeals from the same judgment. Thus, under the authorities cited, the denial of Payne's motion to vacate was not an appealable order.[4]

---

[4] Even if the appeal were cognizable, we would affirm the order because, as we have seen, the trial court had no power to·grant a section 663 motion based on an alleged error in ruling on a demurrer.

## DISPOSITION

The appeals from the judgment and postjudgment order are dismissed. Respondents shall recover their costs on appeal. (Rule 8.278(a)(2).)

Sims, Acting P. J., and Cantil-Sakauye, J., concurred.