Filed 7/31/14  Chau v. Chau CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ROSEMARY CHAU, Individually and as Trustee, etc., | D060304 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. GIC875156) |
| PAUL M. CHAU, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Joan M. Lewis, Judge.  Affirmed.

Law Offices of Elliott Kanter and Elliot N. Kanter for Defendant and Appellant.

Law Offices of Gregory Y. Lievers and Gregory Y. Lievers for Plaintiff and Respondent.

Paul Chau appeals from an order denying his motion to vacate the judgment and statement of decision entered in favor of his sister, Rosemary Chau, individually and as the trustee of the JRLR Trust, on claims for fraud and money had and received.  Paul also

challenges the granting of Rosemary's request for attorney fees against his company, Systems Construction Design & Development LLC (Systems Construction). Paul contends there was insufficient evidence to support the trial court's finding (1) that he committed fraud and (2) as to which of multiple contracts was the controlling contract between the parties. He also contends the trial court erred by (3) allowing Rosemary to amend her complaint, (4) finding alter ego liability, (5) awarding Rosemary attorney fees because service of her motion was defective, and (6) failing to issue a proposed statement of decision and judgment. As we shall explain, Paul's appeal has no merit because his first, second, third and sixth issues were decided in a prior appeal, his fourth issue is waived due to his failure to develop his argument, and he does not have standing to assert his fifth issue concerning attorney fees. Thus, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

*Judgment and First Appeal*

The factual details underlying this action are reflected in our prior opinion in *Chau v. Chau et al.* (May 31, 2013, D059411 [nonpub. opn.]) (*Chau I*) and we need not repeat them in full here. It suffices to say the trial court found that Paul and his girlfriend, Lana Lee, engaged in a scheme to defraud Rosemary out of significant sums of money in connection with the management and construction of Rosemary's home remodel. Thus, the trial court entered judgment against Paul, Lee, and their companies, Systems Construction and Systems Financial & Realty Development LLC (Systems Financial), and awarded Rosemary $701,123.28 in compensatory damages, $250 in punitive damages as to Lee, and $250,000 in punitive damages as to Paul. The court also awarded

2

Rosemary, as trustee of the JRLR Trust, an additional $38,000 in compensatory damages and $200 in punitive damages. Paul, Lee, Systems Construction and Systems Financial challenged the judgment on most of the same grounds as the instant appeal. (*Chau I*, *supra,* D059411.) We rejected their contentions and affirmed the judgment. (*Ibid*.)

*Postjudgment Motions*

In March 2011, Rosemary requested attorney fees against Systems Construction. Around the same time, Paul, Lee, Systems Construction and Systems Financial moved to vacate the judgment and statement of decision. In that motion, they argued that the court's judgment and statement of decision should be vacated because the court did not issue a proposed judgment and statement of decision as required by California Rules of Court, rule 3.1590 (Rule 3.1590). Approximately two months later, Paul and Lee again moved to vacate the judgment and requested a new trial, this time arguing the trial court did not comply with Rule 3.1590 and the evidence did not support the trial court's findings.

The trial court heard the motions to vacate, for a new trial and for attorney fees at the same time. It denied the motion to vacate the judgment and statement of decision, finding no bases for vacating existed. The court also found that to the extent the motion sought a new trial, it was not properly noticed and no grounds warranted a new trial. The trial court granted Rosemary attorney fees in the amount of $367,028. This appeal followed.

In December 2011, as a result of bankruptcy proceedings, we stayed the appeal as to Paul. In February 2012, we dismissed the appeals of Lee, Systems Construction and

3

Systems Financial due to their failure to file a brief after notice given pursuant to California Rules of Court, rule 8.220(a). In October 2013, we were advised that the bankruptcy court granted relief from the automatic stay to allow Paul's appeal to proceed; thus, we vacated our prior stay order. Accordingly, this decision is limited to resolution of the issues raised in Paul's appeal.

## DISCUSSION

### I. *Issues Resolved in Prior Appeal*

Rosemary contends we should reject Paul's first, second, third, and sixth issues concerning the sufficiency of the evidence to support the trial court's findings on fraud and the controlling contract, the trial court's ruling allowing her to amend her complaint, and the trial court's alleged failure to comply with Rule 3.1590 because we previously decided these issues in Paul's appeal from the judgment (*Chau I*, *supra*, D059411). We agree.

"It is established that an order denying a motion to vacate a judgment is deemed appealable only to the extent it raises new issues unavailable on appeal from the judgment. This restriction is imposed to prevent both circumvention of time limits for appealing and duplicative appeals from essentially the same ruling." (*Malatka v. Helm* (2010) 188 Cal.App.4th 1074, 1082.) " 'The denial of a motion to vacate a prior judgment or order is an order after final judgment that affects the judgment and therefore can be appealable under certain special circumstances. [Citation.] However, these circumstances are rare; most of the orders are nonappealable for compelling reasons: [¶] (1) *If the prior judgment or order was appealable, and the grounds on which vacation is*

4

*sought existed before entry of judgment, the correctness of the judgment should be reviewed on an appeal from the judgment itself.* To permit an appeal from the order refusing to vacate would give the aggrieved party two appeals from the same decision or, if the party failed to take a timely appeal from the judgment, an unwarranted extension of time starting from the subsequent order.'" (*Payne v. Rader* (2008) 167 Cal.App.4th 1569, 1576, quoting 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 197, pp. 273-274.)

Here, Paul's present appeal raises the situation described above and would essentially give him two bites at the apple. This appeal plainly raises issues identical to those raised in Paul's prior appeal from the judgment (*Chau I*, *supra*, D059411). As we have explained, in the prior appeal, Paul challenged the sufficiency of the evidence to support the trial court's findings on fraud and the controlling contract, the trial court's ruling allowing Rosemary to amend her complaint, and the trial court's failure to issue a proposed statement of decision and judgment. (*Ibid*.) We resolved these issues against Paul and affirmed the judgment against him. (*Ibid*.) Our decision is conclusive on Paul's rights in this appeal. (*Talley v. Valuation Counselors Group, Inc.* (2010) 191 Cal.App.4th 132, 146-147, fn. 11.) Accordingly, we decline to consider Paul's first, second, third and sixth issues in this appeal.

## II. *Alter Ego Liability*

Paul contends "[t]he [trial] [c]ourt erred in finding [a]lter [e]go liability as there is not sufficient evidence to show the legal requirements for liability." The issue is waived.

The extent of Paul's argument on alter ego liability is one sentence in the conclusion of his opening brief. He does not develop his argument or cite any authority

5

to support his position.  "'Appellate briefs must provide argument and legal authority for the positions taken.  "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived."'  [Citation.]  'We are not bound to develop appellants' arguments for them.  [Citation.]  The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived.'"  (*Cahill v. San Diego Gas & Electric Co*. (2011) 194 Cal.App.4th 939, 956.)

### III.  *Attorney Fees*

Paul contends the trial court erred in awarding Rosemary attorney fees against Systems Construction because service of her motion was defective.  Paul does not have standing to assert this claim.

To have standing to appeal, a party must be "legally aggrieved" by the appealable order.  (Code Civ. Proc., § 902; *In re Jasmine S*. (2007) 153 Cal.App.4th 835, 841-842.)  A party is legally aggrieved for appeal purposes only if his or her rights or interests are "injuriously affected" by the judgment.  (*County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 737; *Crook v. Contreras* (2002) 95 Cal.App.4th 1194, 1201.)  "[A party] may not assert error that injuriously affected only nonappealing coparties."  (*Rebney v. Wells Fargo Bank* (1990) 220 Cal.App.3d 1117, 1128.)

Here, Rosemary sought attorney fees as the prevailing party on Systems Construction's cross-complaint for breach of contract against her.  The court granted her request for attorney fees in the amount of $367,028 against Systems Construction.  Paul was not a party to the cross-complaint, and the court did not award attorney fees against

6

him personally.  Thus, Paul was not "injuriously affected" by the challenged order because it did not affect his legal rights.

The party aggrieved by the challenged attorney fee award in this case was Systems Construction; however, as we previously stated, we dismissed Systems Construction's appeal due to its failure to file an appellate brief.  Paul does not have standing to challenge an order that injuriously affected only a nonappealing coparty.  (*Rebney v. Wells Fargo Bank, supra*, 220 Cal.App.3d at p. 1128.)

DISPOSTION

The order is affirmed.  Respondent is entitled to costs on appeal.


McINTYRE, J.

WE CONCUR:

NARES, Acting P. J.

AARON, J.

7