Filed 8/9/22  Morgan v. The Regents of the U. of Cal. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LEE ANN MORGAN,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA et al.,<br><br>    Defendants and Respondents. | B311441<br><br>(Los Angeles County<br>Super. Ct. No. BC452100) |

APPEAL from a judgment of the Superior Court of Los Angeles County, H. Jay Ford, III, Judge.  Dismissed.

Lee Ann Morgan, self-represented litigant, for Plaintiff and Appellant.

Cole Pedroza, Kenneth R. Pedroza and Matthew S. Levinson, for Defendants and Respondents.

# I.  INTRODUCTION

Plaintiff Lee Ann Morgan appeals from a judgment denying her petition for writ of error coram nobis, which was entered following an order sustaining a demurrer without leave to amend.  We dismiss the appeal as untimely.

# II.  BACKGROUND

## A.    *Plaintiff's First Action*

On October 12, 2011, plaintiff filed her first amended complaint against defendants the Regents of the University of California, Jeffrey Wang, M.D., Rahoul Basho, M.D., and Joshua Bales, M.D. for medical negligence.  Summary judgment was entered in favor of defendants on November 1, 2012.  Plaintiff filed a notice of appeal, but voluntarily dismissed it.

## B.    *Plaintiff's Second Action*

On October 28, 2016, plaintiff filed a first amended complaint against defendants for absence of informed consent, battery, negligence per se, breach of fiduciary duty, fraud, product liability, and negligence, concerning the same surgery.  Defendants demurred to the complaint on res judicata grounds, which was sustained without leave to amend.  The judgment of dismissal was affirmed on appeal.  (*Morgan v. Wang, et al.* (Oct. 11, 2018, B284748) [nonpub. opn.].)

## C.   *Prior Petitions for Writ of Error Coram Vobis*

On April 16, 2019, plaintiff filed a petition for writ of error coram vobis in this court, seeking to vacate the judgments in the 2011 and 2016 actions.  (*Morgan v. Wang, et al.*, B296949.)  On May 10, 2019, we denied that petition.

On September 24, 2019, plaintiff filed another petition for writ of mandate for error coram vobis, again seeking to vacate the trial court's prior two judgments in the 2011 and 2016 actions.  (*Morgan v. Wang, et al.,* B300958.)  On September 30, 2019, a different division of this court of appeal denied the petition.

## D.   *Current Petition*

On June 23, 2020, plaintiff filed a petition for writ of mandate and error coram nobis to vacate the November 1, 2012, summary judgment.

On July 27, 2020, defendants demurred to the petition.  Plaintiff filed an opposition, and defendants filed a reply.

On October 14, 2020, the trial court issued an order sustaining defendants' demurrer without leave to amend.  It concluded that "[p]laintiff's allegations fail to plead grounds for issuance of a writ of coram nobis."

On January 4, 2021, the trial court entered the judgment of dismissal.  On January 5, 2021, defendants served the notice of entry of judgment.

E.     *Postjudgment Motions*

On January 15, 2021, plaintiff filed a motion for reconsideration of the January 4, 2021, judgment pursuant to Code of Civil Procedure[1] section 1008, subdivision (a).[2] Defendants filed an opposition.  On February 11, 2021, the trial court denied the motion.

On January 19, 2021, plaintiff filed a notice of intent to file a motion to vacate the January 4, 2021, judgment pursuant to section 663.  And, on January 27, 2021, plaintiff filed her motion to vacate the judgment.  Defendants opposed the motion, and plaintiff filed a reply.  On February 25, 2021, the trial court denied the motion.

On March 24, 2021, plaintiff filed her notice of appeal, stating that she appealed from the "[j]udgment of dismissal after an order sustaining a demurrer" entered on "January 5, 2021."

## III.  DISCUSSION

"'[T]he timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction.'"  (*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 881; see Cal. Rules of Court, rule 8.104(b) ["If a notice of appeal is filed late, the reviewing court must

---

[1]     Further statutory references are to the Code of Civil Procedure.

[2]     The motion, however, is not part of the record on appeal.

4

dismiss the appeal"].)[3]  Ordinarily, a notice of appeal must be filed no later than 60 days after the superior court clerk or party serves on the appealing party a document entitled "'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service . . . ."  (Rule 8.104(a)(1)(B).)  Here, defendants served plaintiff with the notice of entry of judgment on January 5, 2021.  Plaintiff filed her notice of appeal on March 24, 2021, more than 60 days later.[4]

The Rules of Court provide several bases for extending the time to appeal.  (See rule 8.108.)  If a party serves and files a "valid notice of intention to move—or a valid motion—to vacate the judgment," the time to appeal is extended to the earliest of several alternative deadlines.  (Rule 8.108(c).)  "A 'valid' motion to vacate, for purposes of extending time for filing a notice of appeal, means 'a motion based on some *recognized grounds* for vacation; it cannot be stretched to include any motion, regardless of the basis for it.'"  (*Payne v. Rader* (2008) 167 Cal.App.4th 1569, 1574 (*Payne*), disapproved on other grounds by *Ryan v. Rosenfeld*

---

[3]     Further rule references are to the California Rules of Court.

[4]     We reject plaintiff's contention that she "properly served and submitted the Notice of Appeal on March 21, 2021 to the Mosk Civil Appeals Unit . . . ."  As an initial matter, the exhibit she attaches in support of this contention, which is a receipt from a private company called "One Legal," is not part of the record on appeal and we therefore do not consider it.  (See *Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 102.)  In any event, even if plaintiff had filed her notice of appeal on March 21, 2021—and there is no record that she did—her appeal would still be untimely.

(2017) 3 Cal.5th 124, 135, fn. 3.)  A motion to vacate under section 663 may not be used to vacate a judgment following the sustaining of a demurrer.  (*Payne*, *supra*, 167 Cal.App.4th at p. 1574.)  Thus, plaintiff's motion to vacate was not "valid" within the meaning of rule 8.108(c) and did not extend the time for the filing of a notice of appeal.

Nor did plaintiff's January 15, 2021, motion to reconsider the judgment extend the time for filing a notice of appeal.  Although rule 8.108(e) extends the time to appeal if "any party serves and files a valid motion to reconsider an appealable order under . . . section 1008, subdivision (a)," a purported motion for reconsideration of a *judgment*, rather than an *order*, will not extend the time for appeal from the judgment.  (*Ramon v. Aerospace Corp.* (1996) 50 Cal.App.4th 1233, 1236; *Passavanti v. Williams* (1990) 225 Cal.App.3d 1602, 1607–1608.)

Finally, we reject plaintiff's contention that her notice of appeal was timely because it was filed within 23 days after defendants served the notice of entry of the order denying her motion to vacate on March 1, 2021.  Plaintiff seeks to appeal from the judgment, not from the trial court's denial of her motion to vacate.  (*Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170 ["'Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from'"]; *Morton v. Wagner* (2007) 156 Cal.App.4th 963, 967 ["While a notice of appeal must be liberally construed, it is the notice of appeal that defines the scope of the appeal by identifying the particular judgment or order being appealed"].)  And, for the reasons we discuss above, that appeal is untimely.[5]

---

[5]    Because we conclude that plaintiff's appeal must be dismissed as untimely, we do not consider whether plaintiff has

## IV.  DISPOSITION

The appeal is dismissed.  Defendants are entitled to their costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

BAKER, Acting P. J.

MOOR, J.

---

appealed from an appealable judgment.  (*People v. Gallardo* (2000) 77 Cal.App.4th 971, 982 [the denial of a petition for writ of error coram nobis is appealable "unless the petition failed to state a prima facie case for relief [citation] or the petition merely duplicated issues which had or could have been resolved in other proceedings [citations]"].)

7