Filed 7/29/25  Bank of the West v. CBS Auto Body Shop CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BANK OF THE WEST, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> CBS AUTO BODY SHOP, INC., et al., <br><br> Defendants and Appellants. | B334660 <br><br> (Los Angeles County Super. Ct. No. 21STCV24216) |

APPEAL from an order of the Superior Court of Los Angeles County, Lia Martin, Judge.  Affirmed.

Vivoli Saccuzzo and Michael W. Vivoli for Defendants and Appellants.

Hemar, Rousso & Heald and Michael W. Brown for Plaintiff and Respondent.

———————————

Defendants and appellants CBS Auto Body Shop, Inc., Mehrdad "David" Ebrahimpour, and Saeed Ebrahimpour (appellants) appeal from an order denying their Code of Civil Procedure section 663 motion to vacate the trial court's judgment entered in favor of Bank of the West (the Bank).[1]  Appellants contend the judgment must be vacated because it was based on a referee's erroneous interpretation of their section 998 offer.  The trial court denied the motion to vacate as procedurally defective because appellants did not request that a different judgment be entered.  We find no abuse of discretion in the trial court's ruling and affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2015, CBS Auto Body Shop, Inc., with the Ebrahimpours as guarantors, borrowed $250,000 from the Bank.[2]  Appellants failed to repay the loan.  The Bank began collection efforts and ultimately filed the underlying lawsuit in June 2021.

In February 2022, appellants made a settlement offer to the Bank pursuant to section 998.  The offer set forth the following terms:

"1.     Defendants will pay to Plaintiff the sum of Two Hundred and Sixty Thousand, Seven Hundred and Fifty Six Dollars and No Cents ($260,756).

---

[1]     All further statutory references are to the Code of Civil Procedure.  The respondent's brief informed this court that the real party in interest in place of Bank of the West is now BMO Bank N.A.  Consistent with the current case title and party names below, we refer to respondent as "Bank of the West" or "the Bank."

[2]     An additional $100,000 loan appellants obtained from Bank of the West is not at issue in this appeal.

"2.    The issue of Plaintiff's entitlement to attorney fees will be determined by the Court in response to a motion by Plaintiff for an award of its attorney fees and costs, in connection with which the Court shall determine Plaintiff's entitlement to any award of attorney fees[,] and, to the extent the Court determines such an award is appropriate, the amount of such award based upon the evidence presented, including evidence of Defendants' efforts to resolve this dispute without having to incur the attorney fees and/or costs Plaintiff is expected to claim herein."

The Bank did not accept the offer.

At the time of appellants' section 998 offer, they owed $252,292.88 on the loan.  The Bank had incurred $3,395.12 in costs and $23,637.00 in attorney fees.

Pursuant to the parties' loan agreement, the trial court assigned the lawsuit to a referee, Hon. Victor B. Kenton.

Following an evidentiary hearing, the referee issued a statement of decision. The referee found the loan was due on demand, and awarded the Bank the amount due as of the date of the hearing, $279,806.73; attorney fees, pursuant to the terms of the loan agreement; and costs.  The referee further concluded that appellants' section 998 offer of $260,756 did not include an offer to pay the Bank's attorney fees and costs.  As such, the Bank obtained a more favorable result than the offer.  The Bank was therefore not required to pay appellants' postoffer fees and costs, and it was entitled to recover its postoffer fees and costs. The referee ordered briefing on the amount of fees and costs.

Appellants objected to the referee's interpretation of their section 998 offer.  The referee permitted the parties to submit supplemental briefing.  The Bank also filed a motion for fees and

costs, which appellants opposed, and appellants filed objections to the referee's statement of decision and a separate objection to the Bank's "disclosure" of their section 998 offer.

The referee issued an amended statement of decision. The referee indicated he had considered de novo the section 998 offer and related issue of fees and costs. However, his ruling remained unchanged.

The referee noted the parties agreed that at the time of appellants' offer of $260,756, the amount due on the loan was $252,292.88. The referee determined the Bank's claimed amount of $3,395.12 in preoffer costs and $23,637.00 in preoffer attorney fees was reasonable. Thus, at the time of the section 998 offer, the total amount due to the bank was $279,325, based on the total balance from the loan, attorney fees, and costs. Because this amount was greater than appellants' $260,756 section 998 offer, the Bank was the "prevailing party for [section] 998 purposes . . . ."

The referee awarded the Bank a total of $345,952.63, consisting of the previously determined amount due on the loan, plus the Bank's attorney fees and costs through the date of the original statement of decision.

The appellants filed objections to the referee's amended statement of decision, again arguing the referee had misinterpreted their section 998 offer. The referee rejected appellants' objections and issued a final amended decision. The parties stipulated to the trial court's entry of judgment based on the referee's decision.

Appellants subsequently filed a motion to vacate the judgment under section 663. Appellants contended the referee misconstrued their section 998 offer. They urged the trial court

4

to grant their motion and "order the matter subject to further briefing after determining Defendants prevailed on their [section] 998 offer, which offered *more* than was owed to the Bank plus the Bank's reasonable fees and costs, to be determined by way of post offer motion." The Bank opposed the motion, arguing the referee's interpretation of the section 998 offer was correct.

Appellants' reply brief argued that "upon vacating the judgment, as the Court should do, the Court will then be in a position to conduct a de novo review of the [section] 998 [offer], which will require a finding that Defendants prevailed on the [section] 998 [offer], and conduct such further proceedings as the Court determines to be appropriate in deducting from the Bank's recover[y] Defendant's resultant entitlement to have its post-offer fees and costs deducted from the sum offered to the Bank." Appellants also asked the trial court to "reverse the judgment . . . and conduct a hearing to determine the amount of the fees and costs Defendants were and are entitled to have deducted from the sum offered to the Bank."

The trial court held a hearing on the motion to vacate. The trial court began by stating it was clear appellants wanted to vacate the judgment; however, "[w]hat is left unclear is the other and different judgment that you're seeking to have the court enter, which is required. And I don't see it in your notice, and I don't see it in the motion. It sounds more like and [*sic*] after this, the parties would be doing briefing, and that's really not appropriate for a motion brought under Code of Civil Procedure section 663." Appellants' counsel responded, "I suppose then the court's order could be limited to vacating the judgment, which accomplishes the purpose of the motion." When the trial court replied that was not appropriate under section 663, counsel

asserted that the referee "misinterpreted the [section 998] offer." After observing that counsel was merely restating the arguments in the motion, the court ruled: "The motion is procedurally infirm, and it is ordered denied."

Appellants timely appealed.

## DISCUSSION

### I.     Section 663

"Section 663 of the Code of Civil Procedure[ ] allows an aggrieved party in a civil case to move the trial court to vacate its final judgment." (*Ryan v. Rosenfeld* (2017) 3 Cal.5th 124, 127, fn. omitted (*Ryan*).)[3]  "[U]pon motion of the party aggrieved," a judgment may be "set aside and vacated by the same court, and another and different judgment entered, for either of the following causes, materially affecting the substantial rights of the party and entitling the party to a different judgment: [¶] 1. Incorrect or erroneous legal basis for the decision, not consistent with or not supported by the facts; and in such case when the judgment is set aside, the statement of decision shall be amended and corrected. [¶] 2. A judgment or decree not consistent with or not supported by the special verdict."  (§ 663.)

"In ruling on a motion to vacate the judgment the court cannot ' "in any way change any finding of fact." ' [Citation.]" (*Glen Hill Farm, LLC v. California Horse Racing Bd.* (2010) 189 Cal.App.4th 1296, 1302.)  This procedure "is designed to enable

---

[3]     Section 663 relief is available when a referee issues the decision that forms the basis for the trial court's final judgment. (See *SFPP v. Burlington Northern & Santa Fe Ry. Co.* (2004) 121 Cal.App.4th 452, 466 ["Because a motion to vacate the judgment was available to appellants, they had a postjudgment mechanism for challenging any claimed omissions or ambiguities contained in the referee's statement of decision."].)

6

speedy rectification of a judgment rendered upon erroneous application of the law to facts which have been found by the court or jury or which are otherwise uncontroverted." (*Forman v. Knapp Press* (1985) 173 Cal.App.3d 200, 203 (*Forman*); accord, *Veverka v. Department of Veterans Affairs* (2024) 102 Cal.App.5th 162, 169–170.) " 'The motion to vacate under section 663 is speedier and less expensive than an appeal, and is distinguished from a motion for a new trial, to be used when, e.g., the evidence is insufficient to support the findings or verdict.' [Citation.]" (*Garibotti v. Hinkle* (2015) 243 Cal.App.4th 470, 477 (*Garibotti*).)

We review a trial court's order denying a motion to vacate a judgment under section 663 for an abuse of discretion. (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1207 (*Hearn*); *In re Marriage of Rothrock* (2008) 159 Cal.App.4th 223, 230, 237.)

Appellants' notice of appeal indicates the order or judgment appealed from is the order denying their motion to vacate, not the underlying judgment. We note, however, that an order denying a motion to vacate a judgment "is appealable even if it raises issues that could have been litigated via an appeal of the judgment." (*Ryan, supra*, 3 Cal.5th at p. 127.) "A statutory appeal from a ruling denying a section 663 motion is indeed distinct from an appeal of a trial court judgment and is permissible without regard to whether the issues raised in the appeal from the denial of the section 663 motion overlap with issues that were or could have been raised in an appeal of the judgment." (*Id.* at p. 135.)

## II. The Trial Court Did Not Abuse Its Discretion in Finding Appellants' Motion to Vacate Procedurally Defective

Appellants contend the trial court erred by finding their motion procedurally defective because they failed to indicate

7

what different judgment should be entered.  They argue there is no such requirement under section 663, and the "nature of their request is clear."  We disagree.

Section 663 "empowers a trial court, on motion of '[a] party . . . entitl[ed] . . . to a different judgment' from that which has been entered, to vacate its judgment and enter '*another and different judgment*.'"  (*Forman, supra,* 173 Cal.App.3d at p. 203, italics added.)  Appellants did not ask the trial court to enter another and different judgment.  Instead, they moved to vacate the judgment and "order the matter subject to *further briefing* after determining Defendants prevailed on their [section] 998 offer . . . ."  (Italics added.)  In their reply, appellants again requested that the court only vacate the judgment, suggesting that the court would then be able to conduct a "de novo review" of their section 998 offer, conduct "*further proceedings* as the court determines to be appropriate," and "*conduct a hearing* to determine the amount of the fees and costs" to award appellants.  (Italics added.)  Finally, at the hearing, when the trial court stated it was unclear what different judgment appellants sought, counsel replied that "the court's order could be limited to vacating the judgment, which accomplishes the purpose of the motion."  Appellants never proposed "another and different judgment" as required by section 663.

The trial court therefore properly found the motion to vacate the judgment was procedurally defective.  Simply vacating the judgment for further briefing or proceedings is not permitted under section 663.  (*Hearn, supra,* 177 Cal.App.4th at p. 1207, fn. 5 ["Because the relief appellant sought would not involve the entry of a different judgment but instead would allow her to file further pleadings, appellant stated no valid grounds for relief

under section 663."]; *Payne v. Rader* (2008) 167 Cal.App.4th 1569, 1575 (*Payne*), disapproved of on other grounds in *Ryan*, *supra*, 3 Cal.5th at p. 135, fn. 4 [request to vacate ruling on demurrer so party could file further pleadings was "procedurally infirm" because the request was not to enter a different judgment].) Appellants point to no authority that would permit a trial court to vacate a judgment under section 663 and then conduct further proceedings, essentially allowing issues to be relitigated.

On the contrary, it is well established that section 663 requires that an order vacating the judgment "must order *at the same time* the entry of a new and different judgment." (*Stop C-19, LLC v. Tooling Express, Inc.*, (2025) 111 Cal.App.5th 803, 807, italics added (*Stop C-19, LLC*).) "Courts and commentators have long cautioned that an order vacating a judgment pursuant to Code of Civil Procedure[ ] section 663 must also order the entry of new and different judgment, and that the failure to do so renders the order vacating the original judgment void." (*Ibid.*, fn. omitted; *20th Century Ins. Co. v. Superior Court* (2001) 90 Cal.App.4th 1247, 1260 [" ' "order of vacation, without directing entry of a new judgment, is void" ' "]; *Ramirez v. Moran* (1988) 201 Cal.App.3d 431, 435 [same].) Thus, a court must "contemporaneously enter a new judgment." (*Stop C-19, LLC*, at p. 811.)

Appellants rely on *Machado v. Myers* (2019) 39 Cal.App.5th 779 (*Machado*). The *Machado* court rejected the argument that "the *submission* of 'another and different judgment' is a statutory prerequisite to relief under section 663, and Appellants' failure to file an alternative judgment bars relief." (*Id.* at p. 800, italics added.) The court explained that "[s]eeking entry of a different judgment is not necessarily the same thing as submitting a

9

physical copy of the proposed alternative judgment. Parties can seek entry of a different judgment by describing what they are requesting, particularly where the nature of their request is clear." (*Ibid*.) In *Machado*, the desired relief was clear because the motion "specifically requested 'entry of judgment according to the terms of the parties' settlement as read into the court's record on February 2, 2016.'" (*Ibid*.)

Here, appellants failed to request a different judgment, let alone clearly describe the judgment they wanted entered. At the hearing, when the trial court asked the appellants what new judgment they sought, they proposed that the court's order "could be limited to vacating the judgment." The trial court correctly ruled that section 663 does not allow for such an outcome. (*Stop C-19, LLC*, *supra*, 111 Cal.App.5th at p. 807; *Hearn*, *supra*, 177 Cal.App.4th at p. 1207, fn. 5; *Payne*, *supra*, 167 Cal.App.4th at p. 1575.)

Appellants asked the trial court to vacate the judgment, conduct de novo review, and hold further proceedings, including a "hearing to determine the amount of the fees and costs Defendants were and are entitled to have deducted from the sum offered to the Bank." However, section 663 provides relief from an "[i]ncorrect or erroneous *legal basis* for the decision, not consistent with or not supported by the facts." (§ 663, subd. (1), italics added.) It does not allow for new factfinding and is only permitted when a different judgment is compelled by the facts already found, and when the judge draws an incorrect legal conclusion " ' "upon the facts found by it to exist." ' " (*Garibotti*, *supra*, 243 Cal.App.4th at p. 477.) Here, even when pressed by the trial court, appellants did not abandon their request to vacate the judgment for de novo review and factfinding. The relief they

10

sought was inappropriate on a section 663 motion. (See *Machado, supra,* 39 Cal.App.5th at p. 799 [§ 663 motion is "properly 'made whenever the trial judge draws an incorrect legal conclusion or renders an erroneous judgment *upon the facts found by it to exist*' " (italics added)].)

On appeal, appellants assert they wanted an "entry of a judgment that properly declared Appellants the prevailing parties by virtue of their section 998 offer, and thus entitling Appellants to recover their post-offer fees and costs, to be debited against the Bank's award." They explain this could have been accomplished through "any number of means," such as by "simply entering a new judgment in favor of the Bank for the sum calculated as due to them on the date of the [section] 998 [offer], but while determining Appellants to be the prevailing parties, entitled to deduct from the Bank's recovery Appellants' post-offer fees and costs from their recovery to be determined post-judgment." However, no such different judgment was requested in the trial court. (Cf. *Machado, supra,* 39 Cal.App.5th at p. 800 [request for " 'entry of judgment according to the terms of the parties' settlement as read into the court's record on February 2, 2016"].) When the trial court sought clarity, appellants merely asked the court to vacate the judgment.

Although appellants maintain that they clearly requested a different judgment in the trial court, the record belies this contention. The trial court did not abuse its discretion in denying appellants' motion to vacate as procedurally defective.

11

## DISPOSITION

The order is affirmed.  Bank of the West shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ADAMS, J.


We concur:


EDMON, P. J.


EGERTON, J.